[Cite as *Calhoun v. Calhoun*, 2014-Ohio-703.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99955

## RITA J. CALHOUN

### PLAINTIFF-APPELLANT

vs.

## TYRONE CALHOUN

### DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CP D-263552

**BEFORE:**    Blackmon, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**        February 27, 2014

**FOR APPELLANT**

Rita J. Calhoun, Pro Se
25340 Easy Street
Bedford Hts., Ohio 44146


**ATTORNEY FOR APPELLEE**

George W. MacDonald
514 Glen Park Drive
Bay Village, Ohio 44140

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Rita Calhoun ("Mother") appeals from an order of the court of common pleas, domestic relations division, dated May 31, 2013. Having reviewed the record and pertinent law, we affirm the trial court's order. The apposite facts follow.

{¶2} On October 14, 1998, Mother filed for divorce from appellee, Tyrone Calhoun ("Father"). On October 1, 1999, the trial court filed a judgment entry that granted the divorce, dispensed of the parties' assets, awarded Mother primary custody of their disabled child, Aaron, presently 22 years old, outlined Father's child support obligations, and provided a visitation schedule. Over the next several years, the parties filed numerous motions regarding visitation and child support issues.

{¶3} On March 26, 2012, Father filed a motion to terminate child support citing his belief that Aaron was capable of providing for his own support. On September 11, 2012, Mother filed a motion to modify child support. On November 8, 2012, the matter proceeded to a full hearing before a magistrate.
During the hearing, Mother voluntarily withdrew her motion to modify child support.

{¶4} Father testified that based on Aaron's disability, he had agreed to continue paying child support past Aaron's nineteenth birthday. He also testified that based on the training and education that Aaron had been receiving, he was capable of providing his own support. In addition, Father testified about his desire to retire, citing a myriad of medical issue including heart, vision, and hearing as a basis.

**{¶5}** Mother presented a journalized order from the probate court that determined Aaron to be incompetent and that appointed Mother as guardian. Mother also presented a Guardian's Report, dated June 15, 2012, that included a Statement of Expert Evaluation. The self-authenticating expert report characterized Aaron as having Down syndrome, being severely disabled, and requiring constant supervision.

**{¶6}** On November 16, 2012, Mother filed a motion styled "Motion To Strike Trial Held on November 8, 2012 Without Pre Trials with Inclusion of 'Special Mandate' which Denies Proper Support of Disabled Child and Allows County Case Tampering."

**{¶7}** On February 11, 2013, the magistrate issued a decision denying Father's motion to terminate child support. The magistrate's decision also dismissed Mother's motion to modify child support, based on Mother's voluntary withdrawal of the motion. In addition, the magistrate's decision denied Mother's motion to strike the trial held on November 8, 2012.

**{¶8}** On February 25, 2013, Mother filed objections to the magistrate's decision. On that same date, Father filed preliminary objections, and on March 18, 2013, filed supplemental objections to the magistrate's decision. On March 28, 2013, Mother filed a motion to strike Father's supplemental objections. On May 31, 2013, the trial court adopted the magistrate's decision.

**{¶9}** Mother now appeals and asserts as error, the following:

I. The lower court erred when it joined the motion to modify child support with non-parenting deviation filed on September 11, 2012 to the motion to terminate child support filed on March 26, 2012 as the later was ordered into full hearing, without pretrial, on September 12, 2012.

II. The lower court erred on October 25, 2012, when it scheduled both causes for full hearing on November 8, 2012 and mailed notification to an incorrect address allowing less than 14 days to discover the notice and prepare for full trial.

III. The lower court erred when it moved to full trial on a motion to modify child support without the parties' completion of the required income and expense statement with affidavit (post decree) in accordance with Local Rule 19 and Ohio Revised Code 3119.05(A).

IV. The lower court erred when it used these proceedings for the purposes of illegally terminating the child support of this mentally disabled child.

V. The lower court erred when it ignored the defendant's income and entered a support order without obtaining the financial information upon which it should be based according to law.

{¶10} In the instant case, Mother's first three errors concern the trial court's alleged failure to grant a continuance relative to her motion to modify the child support. However, the record reveals that Mother voluntarily withdrew the motion to modify the child support, thus rendering the aforementioned errors moot.

{¶11} Further, Mother's remaining errors concern Father's motion to terminate child support. However, the record reveals that the trial court denied Father's motion to terminate. As such, Mother was the prevailing party, again rendering these errors moot.

{¶12} An appeal is moot when there is no actual controversy to be resolved by the appeal, which would result in this court issuing a mere advisory opinion on abstract questions. *2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga Nos. 98255 and

98296, 2013-Ohio-2993, citing *Thomas v. Cleveland*, 140 Ohio App.3d 136, 142, 746 N.E.2d 1130 (8th Dist. 2000).

**{¶13}** An appeal is moot when it is impossible for this court to decide the case in favor of the appellant and provide the appellant any effectual relief. *Id.*, citing *State ex rel. Eliza Jennings, Inc. v. Noble*, 49 Ohio St.3d 71, 74, 551 N.E.2d 128 (1990).

**{¶14}** Finally, the conduct of Mother, through the continued filing of appeals, may result in Mother being declared a vexatious litigator. Pursuant to Loc.App.R. 23(A), an appeal or original action shall be considered frivolous if it is not reasonably grounded in fact or warranted by existing law. Loc.App.R. 23(B) further provides that a party that habitually, persistently, and without reasonable cause engages in frivolous conduct, may be declared a vexatious litigator subject to filing restrictions. Mother has taxed the limited resources of this court through the continuous filing of appeals that are not reasonably grounded in fact or warranted by existing law. Thus, Mother is forewarned that the continued filing of appeals, that are not reasonably grounded in fact or warranted by existing law, shall result in the declaration of her being a vexatious litigator. Accordingly, we overrule Mother's assigned errors.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR