[Cite as *Calhoun v. Calhoun*, 2014-Ohio-5692.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101268

### RITA J. CALHOUN

PLAINTIFF-APPELLANT

vs.

### TYRONE CALHOUN

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-98-263552

**BEFORE:** Jones, P.J., S. Gallagher, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** December 24, 2014

**FOR APPELLANT**

Rita J. Calhoun, pro se
25340 Easy Street
Bedford, Ohio 44146


**ATTORNEY FOR APPELLEE**

George W. MacDonald
514 Glen Park Drive
Bay Village, Ohio 44140

LARRY A. JONES, SR., P.J.:

{¶1} Plaintiff-appellant Rita Calhoun appeals from the trial court order denying her Civ.R. 60(B) motion to vacate. We affirm.

{¶2} Rita and Tyrone Calhoun were divorced in 1999. As part of the divorce, Rita assumed primary custody of their disabled child, who is now an adult, and Tyrone was ordered to pay child support. Tyrone agreed to pay child support even after their son reached the age of majority. Over the next several years, the parties filed numerous motions regarding visitation and child support issues.

{¶3} In March 2012, Tyrone filed a motion to terminate child support, arguing that his son was capable of providing for his own support. In September 2012, Rita filed a motion to modify child support. The court set the matter for a hearing.

{¶4} On September 12, 2012, the trial court issued a judgment entry disposing of numerous of Rita's pending motions. The order granted Rita's motion for a continuance of the support hearing, denied Rita's motion to vacate the parties' 1999 separation agreement, denied Rita's motion to dismiss Tyrone's motion to terminate child support, denied Rita's motion for a change in venue, and denied a motion that appears to ask to join the guardianship of the parties' son as a party to the child support case.

{¶5} On November 8, 2012, the child support matter proceeded to a full hearing before a magistrate. During the hearing, Rita voluntarily withdrew her motion to modify child support.

{¶6} On November 16, 2012, Rita filed a motion captioned "Motion To Strike Trial Held on November 8, 2012 Without Pre Trials with Inclusion of 'Special Mandate' which Denies Proper Support of Disabled Child and Allows County Case Tampering."

{¶7} On February 11, 2013, the magistrate issued a decision denying Tyrone's motion to

terminate child support. The magistrate's decision also dismissed Rita's motion to modify child support, based on Rita's withdrawal of the motion, and denied Rita's above-captioned motion to strike.

{¶8} Both Rita and Tyrone filed objections to the magistrate's decision. On May 31, 2013, the trial court adopted the magistrate's decision.

{¶9} Rita appealed to this court, arguing that the trial court failed to grant a continuance relative to her motion to modify the child support and challenging Tyrone's motion to terminate child support. This court found no merit to her appeal and determined that her assigned errors were moot since she had voluntarily withdrew her motion to modify child support and the trial court had denied Tyrone's motion to terminate. *Calhoun v. Calhoun*, 8th Dist. Cuyahoga No. 99955, 2014-Ohio-703, ¶ 11 ("*Calhoun VI*").

{¶10} Meanwhile, in the trial court, on May 13, 2013, Rita filed a motion titled "Motion to Certify Child as Castle Child with Protection from State of Absorption of Child Support." On August 16, 2013, Rita filed a motion to vacate the trial court's judgment entry of September 12, 2012.

{¶11} On November 16, 2013, Rita filed a motion to withdraw her "Motion to Certify Child as Castle Child with Protection from State of Absorption of Child Support." On March 19, 2014, shortly after this court issued its opinion in *Calhoun VI*, the trial court granted Rita's motion to withdraw her "Motion to Certify Child as Castle Child with Protection from State of Absorption of Child Support" and denied her motion to vacate the trial court's September 12, 2012 judgment.

{¶12} It is from this judgment that Rita appeals, raising 13 assignments of error for our review. *See* Appendix.

{¶13} We initially note that Rita's appellate brief was due July 13, 2014, after she had been granted two extensions of time. Rita did not file her brief until July 14, 2014. Therefore, this court could dismiss the appeal. *See* App.R. 18(C) ("If an appellant fails to file the appellant's brief within the time provided by this rule, or within the time as extended, the court may dismiss the appeal.") We have decided not to dismiss the appeal, however, so that we may deal with the other issues surrounding this appeal, that is, whether Rita should be designated as a vexatious litigator and pay Tyrone's attorney fees.

{¶14} Rita's assignments of error are moot. Assignments of error 1, 5, 6, 7, 9, and 12 all challenge Rita's "Motion to Certify Child as Castle Child with Protection from State of Absorption of Child Support," a motion which she not only moved to withdraw in the trial court, but which was dealt with in *Calhoun VI*.

{¶15} The remaining assignments of error challenge the trial court's denial of her motion to vacate the trial court's September 12, 2012 judgment entry. These assignments of error are likewise moot. From what we can glean from her brief and from our review of the record, Rita moved to vacate the trial court's September 12, 2012 judgment entry. Rita argued that her son's child support should not be terminated and stated that her motion to vacate was based on her September 2012 motion to modify child support. But, as previously mentioned, Rita withdrew her September 2012 motion to modify child support. Moreover, the trial court granted Rita's motion for a continuance; the hearing on Tyrone's motion to terminate child support was held in November 2012, and the court subsequently denied Tyrone's motion to modify child support. Therefore, Rita is challenging the exact same issues as she challenged in *Calhoun VI*.

{¶16} As we previously stated, "[a]n appeal is moot when there is no actual controversy to be resolved by the appeal, which would result in this court issuing a mere advisory opinion on

abstract questions." *Calhoun VI* at ¶ 11, citing *2115-2121 Ontario Bldg., L.L.C. v. Anter*, 8th Dist. Cuyahoga Nos. 98255 and 98296, 2013-Ohio-2993. "An appeal is moot when it is impossible for this court to decide the case in favor of the appellant and provide the appellant any effectual relief." *Calhoun VI* at ¶ 12, citing *Anter* at *id.*

{¶17} In addition to his appellee brief, Tyrone filed a motion for sanctions, requesting attorney fees in the amount of $1,000, and a motion for Rita to be declared a vexatious litigator.

{¶18} Loc.App.R.23(A) provides:

(A) If the Eighth District Court of Appeals, sua sponte or on motion by a party, determines that an appeal, original action, or motion is frivolous or is prosecuted for delay, harassment, or any other improper purpose, it may impose on the person who signed the appeal, original action, or motion, a represented party, or both, appropriate sanctions. The sanctions may include an award to the opposing party of reasonable expenses, reasonable attorney fees, costs or double costs, or any other sanction the Eighth District Court of Appeals considers just. An appeal or original action shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law.

(B) If a party habitually, persistently, and without reasonable cause engages in frivolous conduct under division (A) of this rule, the Eighth District Court of Appeals may, sua sponte or on motion by a party, find the party to be a vexatious litigator. If the Eighth District Court of Appeals determines that a party is a vexatious litigator under this rule, the Court may impose filing restrictions on the party. The restrictions may include prohibiting the party from continuing or

instituting legal proceedings in the Eighth District Court of Appeals without first obtaining leave, prohibiting the filing of actions in the Eighth District Court of Appeals without the filing fee or security for costs required by Loc.App.R. 3(A), or any other restriction the Eighth District Court of Appeals considers just.

**{¶19}** In *Calhoun VI* at ¶ 14, this court warned:

Finally, the conduct of Mother, through the continued filing of appeals, may result in Mother being declared a vexatious litigator. * * * Mother has taxed the limited resources of this court through the continuous filing of appeals that are not reasonably grounded in fact or warranted by existing law. Thus, Mother is forewarned that the continued filing of appeals, that are not reasonably grounded in fact or warranted by existing law, shall result in the declaration of her being a vexatious litigator.

**{¶20}** We note that this is the seventh appeal Rita has filed in this case, with six of the appeals filed between 2012-2014. This court specifically stated that "the continued filing of appeals, that are not reasonably grounded in fact or warranted by existing law, *shall* result in the declaration of her being a vexatious litigator." *Id.* Being duly warned, Rita chose to appeal the same issues this court found moot in her last appeal. Rita has once again taxed the limited resources of this court through the filing of an appeal that is not reasonably grounded in fact or warranted by existing law.

**{¶21}** Therefore, we find Rita Calhoun to be a vexatious litigator under Loc.App.R. 23. Accordingly, she is prohibited from instituting any future legal proceedings in the Eighth District Court of Appeals without first obtaining leave and is further prohibited from filing any proceedings in the Eighth District Court of Appeals without the filing fee and security for costs

required by Loc.App.R. 3(A). Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

**{¶22}** Pursuant to Loc.App.R. 23(A), Rita is also hereby ordered to pay $1,000 in attorney fees, and no more, as requested in Tyrone's appellee brief, which we find to be reasonable, and the costs associated with this action.

**{¶23}** The assignments of error are overruled. It is further ordered that Rita Calhoun be declared a vexatious litigator pursuant to Loc.App.R. 23.

**{¶24}** Judgment affirmed.

Attorney fees in the amount of $1,000.00 and costs to Calhoun.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR

Appendix

I. The lower court [erred] in this judgment as it has determined and denied that the disabled child is a "Castle Child" entitled to special protection under the law, without a proper hearing and has hidden this finding in this judgment by paper review of documents which this court elected to enter or remove from evidence in the case file without consent or examination by the parties.

II. The lower court erred when it produced a "transcript" of what is purported to be the full hearing on the motion to terminate child support and motion to modify child support and deviation of disabled child ... conducted on Nov. 8, [2012].

III.    The lower court erred when it used this "shelf copy transcript" which was produced on March 17, 2012 and placed on a shelf in the dead file room 45, this transcript was never entered into the lower case record or produced prior to the entry of the Magistrate's Decision which was 3 months after the hearing and after the Objections to the decision were filed.

IV.    The lower court erred when it gave itself permission to proceed in paper review by taking the complete file, possessing and accessing plaintiff's private case files.

V.    The lower court erred when it conducted a file review hearing on the Plaintiff's Motion to Certify Child as "Castle Child" with Protection from State Absorption of Child Support filed on May 30, 2013 and captured in this order as motion #450449, this specific motion was withdrawn by plaintiff on November 6, 2013.

VI.    The lower court erred when it allowed the "Plaintiff's Withdrawal of (May 30, 2013) Motion to Certify Child as "Castle Child" with Protection from State Absorption of Child Support with affidavit in support * * * filed on November 6, 2013, be reworded and converted to a motion and numbered as #356886, filed November 16, 2013.    This added motion does not specify the withdrawal of the (May 30, 2013) motion to certify.

VII.    The lower court erred when it denied the Motion to Vacate filed on August 16, 2013 and captured as motion #56663 as the Plaintiff has inserted the "Motion to Certify the child as a "Castle Child" with protection from state absorption of child support with affidavit in support" for consideration along with the Motion to Vacate Separation Agreement as Unenforceable and Null and Void filed on April 4, 2012 as this was denied as the judge ruled that the motion   was not given a motion number and therefore the defendant was not required to respond which was also resulted in denial of judgment, based upon this reasoning.

VIII.    The lower court erred in the denial of the motion to vacate as the court ordered a full evidentiary hearing into the matter of the disability of the child in question.

IX.    The lower court erred when if failed to apply the "Castle Child" test to this child and failed to capture the duty of the absent parent to support his disabled child.

X.    The lower court erred when it continued these proceedings and entrusted the findings of fact to Magistrate * * * who scheduled a full hearing on the motion to terminate the child support, with less [than] 14 days notice and mailed to the incorrect address which was changed by the court, the full evidentiary [hearing] did not occur.

XI.   The lower court erred when [it] inserts [sic] itself as having collected and conducted proper hearings which places it in position to make decisions based upon review of the divorce file which has been under the surveillance of this court for over 2 years.

XII.   The lower court erred when it employed the tactic of adding and deleting motion numbers for the purpose of entering judgments on matters which were not tried.

XIII.   The lower court erred in refusing a trial on the matter of the certification of the child as a "castle child" with a proper support order based upon the needs of the child and the household income of the parties, laws of the nation.