The State of Ohio, Appellant, *v.* Mayfield, Appellee.

[Cite as *State v. Mayfield,* 102 Ohio St.3d 1240, 2004-Ohio-3440.]

(No. 2003–1175—Submitted April 27, 2004—Decided July 14, 2004.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer and O'Connor, JJ., concur.

Lundberg Stratton, J., concurs separately.

O'Donnell, J., dissents.

**Lundberg Stratton, J., concurring.**

{¶ 2} Defendant-appellee, Iran Mayfield, was indicted on one count of domestic violence in violation of R.C. 2919.25(A) against his wife, Betsy Mayfield. Initially, Mayfield pled not guilty to the charge. On the day set for trial, Mayfield entered a plea of no contest. The trial court allowed the state to recite the facts relating to the crime charged.

{¶ 3} Upon defense counsel's request, the court permitted Mayfield to make a statement. Mayfield informed the court that he had not touched his wife. The trial court then invited Mrs. Mayfield to make a statement. She essentially recanted her prior allegation of domestic violence against the defendant, stating that Mayfield did not hit her that day, did not touch her, and did not try to harm her in any way. Although she had given a contradictory statement to the police immediately after the incident, the prosecution was given no opportunity to present that statement or to cross-examine Mrs. Mayfield. The trial court then immediately found Mayfield not guilty of domestic violence. The state filed a notice of appeal.

{¶ 4} The Court of Appeals for Cuyahoga County held that R.C. 2945.67 barred the state from appealing. Because the trial court accepted Mayfield's no-contest plea and then found him not guilty, the appellate court concluded that this was a final verdict, and the state was statutorily precluded from appealing that verdict.

{¶ 5} The majority today dismisses this appeal as having been improvidently accepted. I concur in this decision only because the state did not immediately object to the trial judge's failure to follow our court's decision in *State v. Bird* (1998), 81 Ohio St.3d 582, 692 N.E.2d 1013. The prosecution should have entered an objection and requested the court to reject the no-contest plea and to proceed to trial, as the defendant was now denying the very facts to which he just pled no contest. Although I concur in the majority's decision for that reason, I write separately to underscore that trial courts should not view our decision today as any implicit approval of the trial court's failure to follow *State v. Bird.*

{¶ 6} In examining the merits of the case, the trial court initially concluded that the indictment alleged sufficient facts when the court accepted Mayfield's no-contest plea. However, the court then, after accepting the plea, allowed Mayfield to conduct what amounted to a mini-trial, with Mayfield and Mrs. Mayfield disputing the very facts to which Mayfield had just pled no contest.

{¶ 7} In *State v. Bird*, 81 Ohio St.3d 582, 692 N.E.2d 1013, syllabus, this court held that, upon receipt of a no-contest plea, a trial court must find a defendant guilty of the charged offense if the indictment alleges sufficient facts to state a felony offense. Further, in *State ex rel. Stern v. Mascio* (1996), 75 Ohio St.3d 422, 424, 662 N.E.2d 370, we held that "[t]he procedure specified in Crim.R. 11(C) does not envision an affirmative-defense hearing or mini-trial." Thus, the *Mascio* court concluded that "[a]lthough the trial court retains discretion to consider a defendant's contention that the admitted facts do not constitute the charged offense, the defendant who pleads no contest waives the right to present additional affirmative factual allegations to prove that he is not guilty of the charged offense." Id.

{¶ 8} In my view, the facts indicate that the trial judge went beyond merely determining whether the facts alleged in the indictment were sufficient to justify the conviction of the offenses charged. The prosecution should have entered an objection and requested that the court reject the no-contest plea and allow the parties to proceed to trial if the defendant denied the very facts of the charge to which he had just pled no contest.

{¶ 9} Therefore, I concur in the majority's decision to dismiss this case as having been improvidently accepted, but I reiterate that my dismissal does not amount to a stamp of approval of the trial court's failure to follow *State v. Bird.*

---

O'DONNELL, J., dissenting.

{¶ 10} I respectfully dissent from the court's decision to dismiss this case as having been improvidently accepted. I believe that the appellate court had jurisdiction to consider the state's appeal, and, therefore, the matter should be remanded to the court of appeals to consider the issue upon which the court had granted leave to appeal.

{¶ 11} Iran Mayfield pled no contest to an indictment charging him with one count of domestic violence. After a proper Crim.R. 11 colloquy, the court accepted his no-contest plea and then, without objection, asked the state to set forth the facts supporting the indictment. Defense counsel moved the court to allow Mayfield to address the court. In an unsworn statement to the court, Mayfield denied that he had shoved his wife, as she had alleged, and the court then inquired of Mayfield's wife, who denied that anything other than a verbal altercation had occurred. The trial court then entered a verdict of not guilty on Mayfield's plea of no contest.

{¶ 12} The state filed a motion for leave to appeal in the court of appeals, in accordance with R.C. 2945.67(A), which provides:

{¶ 13} "[The state] may appeal as a matter of right any decision of a trial court in a criminal case * * *, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case."

{¶ 14} In its motion, the state alleged that "the trial court violated well-established law as it relates to pleas of no contest," and requested the appellate court "to review the issues of law pertaining to no contest pleas." The appellate court granted the state's motion for leave to appeal.

{¶ 15} In its merit brief filed in the court of appeals, the state discussed the trial court's procedure at the plea hearing and asked the appellate court to "find that the trial court erred in finding [Mayfield] not guilty on a plea of no contest."

{¶ 16} The appellate court dismissed the appeal, concluding that it lacked jurisdiction because the state had appealed a final verdict in a criminal case, which is prohibited by R.C. 2945.67(A). However, it never addressed the issue it had agreed to hear in connection with the leave it had granted.

{¶ 17} In my view, the court of appeals should have considered the issue presented by the state upon which it had granted leave to appeal. That issue concerned whether the trial court erred in accepting a no-contest plea and thereafter permitting the defendant and his wife to make unsworn statements, which the court considered and relied upon in rendering its not-guilty verdict.

{¶ 18} In effect, the trial court conducted a trial-like procedure involving unsworn statements—which are not evidence—and then relied on those statements in reaching a not-guilty verdict. This procedure is contrary to the very idea of a no-contest plea, which is an admission of the truth of the allegations contained in an indictment. Here, the case did not go to trial on a jury waiver and a plea of not guilty, where the trial court could have considered evidence and rendered a verdict. Rather, this came to the court on a plea of no contest.

{¶ 19} In my view, the appellate court had jurisdiction to consider that issue, i.e., the law "pertaining to no contest pleas." See *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus (a "court of appeals has discretionary authority pursuant to R.C. 2945.67[A] to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed").

{¶ 20} I would therefore reverse the judgment of the court of appeals and remand the cause to that court for consideration of the procedural issues raised by the state in its motion for leave to appeal. Accordingly, I respectfully dissent.

———

William D. Mason, Cuyahoga County Prosecuting Attorney, Pamela Bolton and Jon W. Oebkar, Assistant Prosecuting Attorneys, for appellant.

Carolyn Kaye Ranke, for appellee.