[Cite as *State v. Magwood*, **2019-Ohio-5238.**]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,                 :

                                      No. 108155

    v.                                  :

JONATHAN MAGWOOD,                            :

    Defendant-Appellant.                :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 19, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-611500-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Gregory J. Ochocki, and Mary Frey, Assistant Prosecuting Attorneys, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Jonathan Magwood ("Magwood") appeals from the trial court's denial of his petition for postconviction relief and assigns the following errors for our review:

I. The trial court erred by denying Magwood relief on his post-conviction petition when the evidence presented with the petition showed that Mr. Magwood received ineffective assistance of counsel.

II. The trial court erred by denying Magwood relief on his post-conviction petition when the evidence presented with the petition showed that the state withheld *Brady* material.

{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶ 3} On May 3, 2017, the trial court found Magwood guilty of three counts of rape in violation of R.C. 2907.02(A)(2), a first-degree felony, kidnapping with a sexual motivation specification in violation of R.C. 2905.01(A)(4), a first-degree felony, and petty theft. These convictions stemmed from an incident that occurred on August 20, 2016, at a Taco Bell on the west side of Cleveland. According to the victim, T.J., she went into the women's restroom at the Taco Bell, Magwood forced his way into the bathroom after her, and then he raped her. DNA evidence confirmed that Magwood and T.J. engaged in sexual conduct, and video surveillance evidence showed that Magwood followed T.J. into the Taco Bell and forced his way into the women's bathroom. Magwood's defense throughout the trial was that this conduct was consensual.

{¶ 4} On June 7, 2017, the court sentenced Magwood to 22 years in prison. Magwood filed a direct appeal, and this court reversed the petty theft conviction and affirmed Magwood's remaining convictions as well as his prison sentence. *State v. Magwood*, 8th Dist. Cuyahoga No. 105885, 2018-Ohio-1634.

**{¶ 5}** On July 24, 2018, Magwood filed a petition for postconviction relief, arguing that the state failed to disclose *Brady*[1] material, and his trial counsel was ineffective for failing to investigate T.J.'s credibility and failing to present mitigating evidence at sentencing. On December 21, 2018, the court held a hearing on Magwood's petition, and on December 27, 2018, the court denied the petition. It is from this order that Magwood appeals.

**Postconviction relief**

**{¶ 6}** This court reviews a trial court's decision on postconviction relief petitions for an abuse of discretion. *State v. White*, 8th Dist. Cuyahoga No. 90544, 2008-Ohio-4228, ¶ 19, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

**{¶ 7}** Pursuant to R.C. 2953.21(A)(1)(a),

[a]ny person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment [constitutionally] void or voidable * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

**{¶ 8}** A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Smith*, 8th Dist. Cuyahoga No. 93534, 2010-Ohio-1869, ¶ 11. Rather, it is a means to reach constitutional issues that would otherwise

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

be impossible to reach because the evidence supporting those issues is not contained in the record. *Id.* at ¶ 12.

**Ineffective assistance of counsel**

{¶ 9} To succeed on a claim of ineffective assistance of counsel, a defendant must establish that his or her attorney=s performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance." *Id.* at 697. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 3743 (1989).

{¶ 10} In the case at hand, Magwood argues that "trial counsel's performance fell below an objective standard of reasonableness in two crucial ways — the failure to investigate the alleged victim and the failure to make a thorough mitigation presentation." Magwood first argues that defense counsel failed to investigate T.J.'s credibility, which would have "uncovered" 2011 and 2015 police reports alleging, respectively, that T.J. "behaved in a physically aggressive manner" and that T.J. abused emergency room medical services.

{¶ 11} Pursuant to Evid.R. 608(B),

[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of [a] crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be

inquired into on cross-examination of the witness * * * concerning the witness's character for truthfulness or untruthfulness * * *.

{¶ 12} We note that Magwood is speculating on appeal that his counsel failed to investigate T.J. As the trial court found, "Magwood did not provide any evidence in support of his Petition * * * that his trial counsel did not have knowledge of, or possession of, the above-described reports prior to trial." Furthermore, as the state argued, there is no evidence in the record regarding whether defense counsel "decided not to use [the reports] for trial strategy purposes."

{¶ 13} The first police report, which concerned a domestic violence situation involving T.J., resulted in T.J.'s arrest but did not lead to a conviction. This report is inadmissible under Evid. R. 608(B). *See also State v. Rogers*, 8th Dist. Cuyahoga No. 62840, 1993 Ohio App.LEXIS 3056 ("Evid.R. 609(A) limits an impeachment of a witness to convictions and clearly does not allow the introduction of evidence which merely shows the witness to be under indictment.")

{¶ 14} The second police report concerns T.J. repeatedly visiting an emergency room in Geauga County for a non-emergency injury to her arm. Apparently, the emergency room staff had to call security and this resulted in police involvement. According to the state, "[t]here is in no way, shape or form in that report a police officer saying she's lying." Furthermore, there is no evidence in the record that T.J. was arrested, charged, or convicted in relation to this report.

{¶ 15} Magwood has failed to show that the police reports in question in the case at hand are clearly probative of T.J.'s truthfulness or untruthfulness. T.J.'s

credibility is certainly at the heart of this case, but Magwood is not alleging that T.J. filed false police reports or was untruthful in any other way regarding the 2011 and 2015 police reports. Therefore, we cannot say that trial counsel was ineffective for failing to investigate T.J.'s credibility.

{¶ 16} Turning to Magwood's second argument regarding ineffective assistance of counsel, "[t]he extent to which counsel presents mitigation evidence at a sentencing hearing is generally a matter of trial strategy." *State v. Tinsley*, 8th Dist. Cuyahoga No. 105551, 2018-Ohio-278, ¶ 17. "Debatable trial tactics and strategies generally do not constitute deficient performance" in the context of ineffective assistance of counsel claims. *State v. Boyd,* 8th Dist. Cuyahoga No. 100225, 2014-Ohio-1081, ¶ 30.

{¶ 17} In the case at hand, the trial court's denial of Magwood's postconviction relief petition states that Magwood provided evidence to the court in his mitigation of penalty report regarding his background, including his mental health and that he was sexually abused as a child. Furthermore, the court stated that "even if his trial counsel had presented additional detail regarding Magwood's background, there is no reasonable probability that information would have affected this Court's sentencing decision."

{¶ 18} Upon review, we cannot say that the counsel's performance at trial was deficient, and we cannot say that Magwood was prejudiced at trial. The victim's testimony was corroborated by forensic and video evidence, and the trial court explicitly found that its verdict would have remained the same had the additional

evidence at issue been introduced in court. Accordingly, Magwood's first assigned error is overruled.

**_Brady_ Claim**

{¶ 19} *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), governs situations when the state withholds evidence that tends to exculpate a criminal defendant. "When the prosecution withholds material, exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant under the Fourteenth Amendment to a fair trial." *State v. Johnston*, 39 Ohio St.3d 48, 60, 529 N.E.2d 898 (1988). *Brady* violations may be found regardless of whether the defense requested the evidence and "irrespective of the good faith or bad faith of the prosecution." *Brady* at 83, 87. In determining whether suppressed evidence is material, courts consider whether "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.*

{¶ 20} The "defendant bears the burden to show that the evidence not produced was materially exculpatory, or that the failure to produce the evidence was based on bad faith, in order to demonstrate a due-process violation." *State v. Hartman,* 2d Dist. Montgomery No. 26609, 2016-Ohio-2883, ¶ 84, 64 N.E.3d 519, citing *State v. Powell*, 132 Ohio St. 3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 74-77.

{¶ 21} For *Brady* purposes, the United States Supreme Court "disavowed any difference between exculpatory and impeachment evidence * * *." *Kyles v. Whitley*, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 736, 31 L.Ed.2d 104 (1972), quoting *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959).

{¶ 22} The linchpin of a *Brady* violation follows: "evidence is material, and constitutional error results from its suppression by the government, 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *Id.*, quoting *Bagley* at 682. On appeal, we apply a de novo standard of review to *Brady* claims. *State v. McGuire,* 8th Dist. Cuyahoga No. 105732, 2018-Ohio-1390, ¶ 19.

{¶ 23} In the case at hand, Magwood argues that the state failed to disclose relevant information relating to Cleveland Police Detective Morris Vowell ("Detective Vowell"), who took T.J.'s statement as part of the investigation in this case. At the December 21, 2018 hearing, Magwood introduced into evidence Detective Vowell's 2011 internal affairs report that the state disclosed as *Brady* material in another matter. The gist of the report was that Detective Vowell had been indicted for using a police computer for personal reasons. Ultimately, the charges against Detective Vowell were dismissed. Magwood argued that the "information in question goes to the heart of the professional integrity and

credibility of the investigating detective in this case," and the state's failure to disclose the information deprived Magwood of the opportunity to impeach Detective Vowell.

{¶ 24} The state, on the other hand, argues that the 2011 charges against Detective Vowell were public record as evidenced by news articles outlining the detective's legal troubles. According to the state, this information — albeit not the internal affairs report — was not in the exclusive control of the police or the prosecution. Although the state conceded that it turned the report over to the defense in another case subsequent to the case at hand, the state did not concede that Detective Vowell's 2011 internal affairs report was *Brady* material. Rather, the state argued that the evidence was given to other defense counsel as a precaution; it was not suppressed in the case at issue, because it was known to the public; it was not material in that it would not have changed the outcome of the proceedings; and it was not admissible because it did not result in a conviction.

{¶ 25} In *Cindric v. Edgewater Yacht Club*, 8th Dist. Cuyahoga No. 68365, 1996 Ohio App. LEXIS 1793 (May 2, 1996), this court held that "evidence of a theft, whether alleged or admitted, is not probative — and certainly not 'clearly' probative — on the issue of [a party's] truthfulness (that is a theft does not necessarily involve the telling of a falsehood)." Furthermore, in denying Magwood's postconviction relief petition, the trial court stated in its journal entry that "even if the information contained within the Internal Affairs log regarding Detective Vowell had been disclosed by the State prior to Magwood's trial, there is no reasonable probability

that this Court's verdict would have been different."  Additionally, prior to issuing the journal entry, the court stated the following at the hearing on Magwood's petition:  "I can represent a hundred percent that Detective Vowell's testimony played no role in reaching the conclusion that I did.  His credibility or lack of credibility was irrelevant."

{¶ 26} In Magwood's direct appeal, this court summed up Detective Vowell's role in this case and testimony at trial as follows:

> Detective Vowell took T.J.'s statement approximately one week after the incident.  He testified that she was crying, upset, and very emotional during the statement.  At one point, the detective turned off the recorder and called a rape advocate to sit with T.J. because she was "crying and upset and sh[a]ken up."  When T.J. regained her composure, the detective continued with the interview.
>
> As part of his investigation, Detective Vowell obtained the video surveillance footage from Taco Bell and the assault evidence kit collected by the SANE nurse.  Through the DNA obtained from the sexual assault kit, Detective Vowell identified Magwood as a suspect, and T.J. later identified Magwood from a photo array as the person who attacked her.

{¶ 27} Upon review, we find that Magwood's *Brady* claim lacks merit, because allegations that Detective Vowell used a work computer for personal reasons is not material to Magwood's guilt in the case at hand.  *See State v. Brown*, 115 Ohio St.3d 55, 2007-Ohio-4837, 873 N.E.2d 858, ¶ 49 ("As a rule, undisclosed evidence is not material simply because it may have helped the defendant to prepare for trial").

{¶ 28} Accordingly, Magwood's second assigned error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR