[Cite as *State v. Orr*, 2022-Ohio-4515.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111517 |
| v. | : | |
| DARLLEL B. ORR, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 15, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-560637-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Daniel T. Van and Katherine E. Mullin, Assistant Prosecuting Attorneys, *for appellee*.

Darllel B. Orr, *pro se*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Darllel B. Orr appeals the denial of his successive petition for postconviction relief, in which he raises the same issue that he has repeatedly advanced in various forms since his 2013 convictions for the underlying offenses — whether the trial court impermissibly delayed deliberations following the bench trial

while attending to other matters on its docket. For the following reasons, the decision of the trial court is affirmed.

{¶ 2} Orr and another broke into a home in an attempt to rob the occupants. *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-4680. Orr and his accomplice held several children hostage while looking for money around the house and before murdering one child's father, who was shot in the head. *Id.* at ¶ 2-25. In the process of committing the burglary and murder, Orr left a cell phone and a face mask at the crime scene. *Id.* Police traced the phone back to him, and forensic evidence discovered on the mask identified Orr as being one of the intruders. *Id.* At the conclusion of the bench trial,[1] the trial court entered its deliberations. After approximately 30 days, the trial court found Orr guilty of murder, among other associated crimes, and sentenced him to serve a term of life imprisonment with no possibility for parole.

{¶ 3} Following his conviction, Orr filed several motions to vacate his conviction or petitions for postconviction relief. In particular, and as is pertinent to this appeal, on December 28, 2015, the trial court denied Orr's petition for postconviction relief in which Orr claimed that the trial court had impermissibly delayed deliberations following the bench trial. Orr did not appeal the trial court's decision. In 2022, Orr filed an original action in this court, in which he claimed that the trial court erred by delaying its deliberations following the bench trial before

---

[1] Before trial, Orr was originally represented by the Office of the Cuyahoga County Public Defender and Thomas E. Shaughnessy, but Orr waived his right to counsel and proceeded to represent himself through trial.

rendering a verdict. *State ex rel. Orr v. Corrigan*, 8th Dist. Cuyahoga No. 111878, 2022-Ohio-3924. And finally in April 2022, Orr filed the successive petition for postconviction relief underlying this appeal, once again raising the same issue regarding the trial court's deliberative process. The trial court denied that motion without hearing, concluding that Orr failed to properly invoke the postconviction statute. This timely appeal followed; however, there is no error.

{¶ 4} "[A] postconviction proceeding is a collateral civil attack on the judgment, *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905 (1999)," and "the 'right to file a postconviction petition is a statutory right, not a constitutional right,' *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 28." *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 35. An offender "'receives no more rights than those granted by the statute.'" *Id.*, quoting *Calhoun* at 281. As a result, "any right to postconviction relief must arise from the statutory scheme enacted by the General Assembly." *Id.*

{¶ 5} "'[W]hether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely [or successive] petition for postconviction relief is a question of law, which appellate courts review de novo.'" *Apanovitch* at ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9. R.C. 2953.23(A) permits a prisoner to file an untimely or successive petition for postconviction relief under limited circumstances. R.C. 2953.23(A) requires Orr to (1) show he "was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief" or that "the United States

Supreme Court recognized a new federal or state right that applies retroactively" to Orr's situation, and (2) show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶ 6}    Orr has not demonstrated, much less discussed, any newly discovered evidence underlying his successive petition for postconviction relief, nor has he identified any new federal or state right recognized by the United States Supreme Court as required under R.C. 2953.23(A).  Because Orr has not properly invoked R.C. 2953.23(A), the trial court lacked jurisdiction to consider the merits of the petition for postconviction relief and was required to procedurally dismiss the petition without a hearing.  A "petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Apanovitch* at ¶ 36.  This conclusion is independent of, and does not consider, the fact that Orr previously advanced the same claims in earlier postconviction proceedings. *State ex rel. McGirr v. Winkler*, 152 Ohio St.3d 100, 2017-Ohio-8046, 93 N.E.3d 928, ¶ 17 (res judicata is an affirmative defense, and the tribunal must first possess jurisdiction in order to resolve the applicability of the doctrine), citing *State ex rel. Lipinski v. Cuyahoga Cty. Common Pleas Court, Probate Div.*, 74 Ohio St.3d 19, 20-21, 655 N.E.2d 1303 (1995), and *State ex rel. Flower v. Rocker*, 52 Ohio St.2d 160, 162, 370 N.E.2d 479 (1977).

{¶ 7} Based on the arguments presented in this appeal, the trial court did not err in denying the petition for postconviction relief.[2]

{¶ 8} In light of Orr's penchant for repeatedly advancing the same arguments, we are compelled to note that there are no reasonable grounds for this appeal. Loc.App.R. 23(A) of the Eighth District Court of Appeals provides that "[a]n appeal, original action, or motion shall be considered frivolous if it is not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law." Orr has not presented colorable claims to avoid application of settled legal issues, nor has he presented any factual circumstances to distinguish his situation from that body of case authority that stands contrary to Orr's current argument. Further, Orr has continued to tax the resources of this court by filing appeals or original actions attempting to relitigate long-ago settled issues pertaining to his conviction. *See State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2014-Ohio-5274 (petition to reopen direct appeal denied based on the clear application of res judicata); *Orr v. Harris*, 8th Dist. Cuyahoga No. 107658, 2018-Ohio-4798 (writ of habeas corpus denied because "it is clear" that the petition was filed and pursued in the wrong jurisdiction); *State v. Orr*, 8th Dist. Cuyahoga No. 100841, 2020-Ohio-4913, (Orr's second application to

---

[2] Orr's "[m]otion to allow untimely reconsideration judgment to enter for cause of preventing known misrepresentations of finality from misleading litigation due to untruthful journal circumstances" filed on November 7, 2022, and "[m]otion to conditionally compel the mandatory *Brady* production of the illegally suppressed journal entry truths that may likely work to the advantage of Appellant's oral argument defenses rather than not," filed on December 2, 2022, are hereby denied as moot.

reopen the direct appeal was denied based again on the clear application of res judicata).

{¶ 9} In *Corrigan*, 8th Dist. Cuyahoga No. 111878, 2022-Ohio-3924, in particular, a decision denying Orr's writ of procedendo, the panel addressed Orr's current concerns. In the writ action, Orr claimed that the trial court improperly stayed or delayed the "deliberation cycle" of the bench trial proceedings by addressing other matters on the trial court's docket before rendering a verdict. *Id.* at ¶ 6. As the panel concluded, Orr's remedy lay with a direct appeal of the conviction entered upon the bench trial. *Id.* at ¶ 10. And further, as to the merits of the argument, Orr was warned that he "appears to be under the mistaken impression" that any statute or rule of procedure prevents "a judge from engaging in any other judicial activity during the deliberations phase of a criminal bench trial, apart from deciding the guilt or innocence of the criminal defendant unless the judge journalizes a continuance in open court." *Id.* at ¶ 13. Orr's arguments advanced in this appeal are identical to the ones advanced in that writ action, among other postconviction motions filed and appealed to this court.

{¶ 10} In light of the procedural posture of this case, Orr is hereby forewarned that his conduct, through the continued filing of original actions or appeals from the denials of postconviction motions or petitions for postconviction relief that are frivolous, may result in Orr being declared a vexatious litigator subject to future appellate filing requirements under Loc.App.R. 23(B)-(C). *See State v. McGraw*, 8th Dist. Cuyahoga No. 110799, 2022-Ohio-1321, ¶ 10; *State v. Jefferson*,

8th Dist. Cuyahoga No. 108791, 2020-Ohio-3182, ¶ 15-16; *State v. Perry*, 8th Dist. Cuyahoga No. 107596, 2019-Ohio-547, ¶ 12; *Calhoun v. Calhoun*, 8th Dist. Cuyahoga No. 99955, 2014-Ohio-703, ¶ 14.

{¶ 11} With this admonition in mind, the decision of the trial court is otherwise affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR