**[This opinion has been published in *Ohio Official Reports* at 177 Ohio St.3d 1255.]**

IN RE DISQUALIFICATION OF O'BRIEN.

THE STATE OF OHIO *v*. FAMBRO.

[Cite as *In re Disqualification of O'Brien*, 2024-Ohio-6135.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Affidavit of disqualification*
*is invalid under R.C. 147.542(F) because notary failed to sign the attached*
*notarial certificate—Purported affidavit stricken.*

(No. 24-AP-157—Decided October 24, 2024.)

ON AFFIDAVIT OF DISQUALIFICATION in Trumbull County Court of Common
Pleas, General Division, Case No. 2024CR00014.

_____

**KENNEDY, C.J.**

{¶ 1} Kyson Fambro, the defendant in the underlying criminal case, has filed an affidavit of disqualification pursuant to R.C. 2701.03 seeking to disqualify Judge Sean J. O'Brien of the Trumbull County Court of Common Pleas, General Division, from presiding over the case. Judge O'Brien filed a response to the affidavit of disqualification.

{¶ 2} As explained below, the affidavit of disqualification is stricken, and this affidavit-of-disqualification proceeding is dismissed. The case shall proceed before Judge O'Brien.

### Requirements of an Affidavit of Disqualification

{¶ 3} R.C. 2701.03(A) provides that if a judge of a court of common pleas "allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court," then that party or counsel may file an affidavit of disqualification with the clerk of this court.

**{¶ 4}** The statute requires that the affidavit of disqualification include, among other things, "[t]he jurat of a notary public or another person authorized to administer oaths or affirmations." R.C. 2701.03(B)(2). If an affidavit of disqualification does not contain a jurat, R.C. 2701.03(C)(2) prohibits the clerk of this court from accepting the affidavit for filing. *In re Disqualification of Cook*, 2023-Ohio-4883, ¶ 7. However, even if a purported affidavit of disqualification is mistakenly accepted for filing, it will be stricken if the affidavit does not contain a jurat certificate or satisfy the other requirements of R.C. 2701.03(B). *Cook* at ¶ 7.

**{¶ 5}** A "jurat" is the notarial act and certificate associated with executing affidavits. R.C. 147.011(C); *Cook* at ¶ 8. "Historically, this court has defined 'jurat' as a "'[c]ertificate of [the] officer or person before whom [a] writing was sworn to.'"" *Cook* at ¶ 8, quoting *Stern v. Cuyahoga Cty. Bd. of Elections*, 14 Ohio St.2d 175, 181 (1968), quoting *Black's Law Dictionary* (4th Ed. 1951). "This court has explained that a jurat proves that the signer of the affidavit swore his statement under oath and that it 'is prima facie evidence of the fact that the affidavit was properly made before such notary.'" *Id.*, quoting *Stern* at 181.

**{¶ 6}** Recently, the General Assembly codified and confirmed this court's understanding of a jurat. Effective in 2019, the Notary Public Modernization Act, 2018 Sub.S.B. No. 263, provides that a jurat requires the signer of the notarized document (1) "to give an oath or affirmation that the statement in the notarized document is true and correct" and (2) to "sig[n] the notarized document in the presence of a notary public." R.C. 147.011(C).

**{¶ 7}** The Act directs notaries to provide a notarial certificate for every notarial act they perform. R.C. 147.542(A). R.C. 147.542(F) provides that the notarial certificate must show:

(1) The state and county venue where the notarization is being performed;

(2) The wording of the acknowledgment or jurat in question;

(3) The date on which the notarial act was performed;

(4) The signature of the notary, exactly as shown on the notary's commission;

(5) The notary's printed name, displayed below the notary's signature or inked stamp; [and]

(6) The notary's notarial seal and commission expiration date.

**{¶ 8}** As the statute explains, a notary is required to sign the jurat "exactly as shown on the notary's commission." R.C. 147.542(F)(4). Consequently, "this court has rejected documents bearing a notary public's stamp but not her signature and lacking a notarial jurat or any other indication that the declarants had sworn to their statements or had made their statements under oath." *Cleveland Metro. Bar Assn. v. Carson*, 2023-Ohio-4036, ¶ 10.

**{¶ 9}** Here, the notary, Jennifer Grafton, did not sign the notarial certificate attached to the affidavit of disqualification. The affidavit is therefore invalid under Ohio law. For this reason, the purported affidavit of disqualification is stricken.

### Conclusion

**{¶ 10}** The affidavit of disqualification is stricken, and this affidavit-of-disqualification proceeding is dismissed. The case shall proceed before Judge O'Brien.

_____