[Cite as *State v. Orr*, 2025-Ohio-5514.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                       No. 114878

    v.                           :

DARLLEL ORR,                             :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-12-560637-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Darllel Orr, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Darllel Orr ("Orr") appeals the trial court's denial of his motion for leave to file a motion for a new trial pursuant to Crim.R. 33(B) without holding a hearing and his successive petition for postconviction relief. We affirm.

**Procedural History**

{¶ 2} On September 18, 2013, after a bench trial, Orr was found guilty of two counts of aggravated murder, kidnapping, aggravated burglary, aggravated robbery and having a weapon while under disability. The aggravated murder counts and the weapon while under disability counts contained one- and three-year firearm specifications. The remaining counts contained the same firearm specifications but also included a notice of prior conviction as well as repeat violent offender specifications.

{¶ 3} On November 27, 2013, the trial court sentenced Orr as follows:

Life in prison without parole for aggravated murder under R.C. 2903.01(B), and imposed three years for the firearm specifications, to be served consecutive to and prior to the base charge of murder. The trial court sentenced Orr to 19 years on the kidnapping count — 11 years for kidnapping, five years for the repeat violent offender specifications, and three years for the firearm specifications to be served consecutive to and prior to the kidnapping count. The trial also court (sic) sentenced Orr to 36 months for having a weapon while under disability, and ordered that the sentences for aggravated murder, kidnapping, and having a weapon while under disability be served concurrent to each other.

*State v. Orr,* 2014-Ohio-4680, ¶ 25 (8th Dist.).

{¶ 4} On January 3, 2014, Orr filed a direct appeal alleging, through counsel, four assignments of error. Orr filed, pro se, ten supplemental assignments of error. This court affirmed his convictions. *Id.* at ¶ 116.

{¶ 5} On November 4, 2014, Orr filed an application to reopen this court's judgment in *State v. Orr*, 2014-Ohio-4680, alleging ineffective assistance of appellate counsel. The application was denied. *See State v. Orr*, 2014-Ohio-5274,

¶ 1 (8th Dist.). Six years later, Orr filed a subsequent application for reopening which this court denied. *See State v. Orr*, 2020-Ohio-4913 (8th Dist.).

{¶ 6} Following his convictions, Orr filed several motions to vacate his convictions including a motion for a new trial and petitions for postconviction relief and also filed original actions in this court. On December 18, 2014, Orr filed his first petition for postconviction relief, which was denied on December 28, 2015 and was not appealed. On June 24, 2016, Orr filed a motion for new trial which he voluntarily dismissed. On October 30, 2017, Orr filed a motion for leave to file a motion for a new trial which was denied on July 12, 2018. The denial of this motion was appealed and this court dismissed said appeal for failure to file a praecipe or docketing statement and to pay the filing fee, or, in the alternative, an affidavit of indigency pursuant to Loc.App.R. 3(A). *State v. Orr*, No. 107490 (8th Dist. Aug. 6, 2018). On June 19, 2018, Orr filed an original action in this court against the trial judge, which this court denied. *State ex rel. Orr v. Corrigan*, No. 107347 (8th Dist. Aug. 29, 2018).

{¶ 7} On January 8, 2019, Orr filed a second petition for postconviction relief and then filed a third petition on February 15, 2022. The trial court denied the petitions on April 29, 2022 and Orr appealed. This court affirmed the denial in *State v. Orr*, 2022-Ohio-4515, ¶ 11 (8th Dist.). In the opinion, this court warned Orr that "his conduct, through the continued filing of original actions or appeals from the denials of postconviction motions or petitions for postconviction relief that are

frivolous, may result in Orr being declared a vexatious litigator subject to future appellate filing requirements under Loc.App.R. 23(B)-(C)." *Orr* at ¶ 10.

{¶ 8} Prior to the above opinion being released, on August 25, 2022, Orr filed another original action against the trial court judge which this court dismissed. *State ex rel. Orr v. Corrigan*, 2022-Ohio-3924 (8th Dist.).

{¶ 9} Relevant to this appeal, on December 2, 2024, Orr filed both a motion for leave to file a motion for a new trial pursuant to Crim.R. 33(B) and a fourth petition for postconviction relief. On December 23, 2024, Orr filed a motion seeking an order for a new trial pursuant to Crim.R. 33(A)(6). On January 14, 2025, Orr filed a motion titled "delayed request for leave to accept a second successive post conviction petition for good cause." The trial court denied these motions in separate journal entries without a hearing.[1] It is from these denials that Orr appeals, raising two assignments of error:

> **Assignment of Error No. 1:** Trial court acted in error of *State v. Walker*, 2023-Ohio-2689 and due process by refusing to hold a hearing on Crim.R. 33(B) motion for leave because appellant submitted three notarized affidavits from Gerald Loper attesting to harboring his drug addiction behavior patterns that, if addressed, would prove appellant was unavoidably prevented from timely discovering information material to discredit admissibility of key evidence and disconnect him from the scene of the crime at the time the convicted offenses happened supporting actual innocence.
>
> **Assignment of Error No. 2:** Trial court acted in error of *State v. Burton*, 2021-Ohio-851 and due process by deceptively refusing to hold a hearing on post conviction motion to address issue of newly discovered affidavits that were submitted to materially discredit the admissibility of key evidence and disconnect appellant from the scene

---

[1] Since the filing of this appeal, Orr filed another successive petition in the trial court on October 21, 2025.

of crime at time the convicted murder offenses happened supporting actual innocence.

## Law and Argument

{¶ 10} In his first assignment of error, Orr alleges that the trial court erred by denying his motion for leave to file a motion for a new trial based on newly discovered evidence pursuant to Crim.R. 33(B) without a hearing. We disagree.

### Crim.R. 33

{¶ 11} As stated in *State v. Walker*, 2023-Ohio-2689, ¶ 11 (8th Dist.):

> On appeal, we review [] the denial of a motion for leave to file a delayed motion for new trial for an abuse of discretion. *State v. Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, ¶ 13, citing *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, *discretionary appeal not allowed*, 152 Ohio St.3d 1411, 2018-Ohio-723, 92 N.E.3d 881. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 12} Relevant to this appeal, Crim.R. 33(A) provides that a new trial may be granted on motion of the defendant where new evidence materially affects the defendant's substantial rights and satisfies the following:

> When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

Crim.R. 33(A)(6).

{¶ 13} "Under Crim.R. 33(B), a motion for new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered. A defendant who fails to file a motion for new trial within the prescribed timeframe must seek leave from the trial court to file a delayed motion for new trial." *Walker* at ¶ 13. (Internal citations omitted.)

{¶ 14} "[A] motion for leave must demonstrate two things: (1) that the defendant has obtained what constitutes newly discovered evidence; and (2) that the defendant was 'unavoidably prevented' from timely discovering that evidence." *State v. Smith*, 2024-Ohio-1360, ¶ 47 (8th Dist.).

{¶ 15} To obtain leave, a defendant must show "by clear and convincing proof" that they were "unavoidably prevented" from filing a timely motion. Crim.R. 33(B). Clear and convincing proof "'is that measure or degree of proof [that] is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" . . . and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gray*, 2019-Ohio-1638, ¶ 12 (8th Dist.), quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 16} "[A] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable

diligence." *State v. Gray*, 2010-Ohio-11, ¶ 17 (8th Dist.), quoting *State v. Lee*, 2005-Ohio-6374, ¶ 7 (10th Dist.). *See State v. McAlpin*, 2023-Ohio-4794, ¶ 26 (8th Dist.).

{¶ 17} To meet this burden, a defendant "must make such showing with more than a mere allegation that he was unavoidably prevented from discovering the evidence he seeks to introduce to support a new trial." *State v. Cowan*, 2020-Ohio-666, ¶ 10 (8th Dist.), citing *State v. Bridges*, 2016-Ohio-7298, ¶ 20 (8th Dist.). "A defendant's 'mere allegation' that he or she was unavoidably prevented from discovering the evidence he or she seeks to introduce to support a new trial does not meet that burden." *Smith*, 2024-Ohio-1360, at ¶ 49. (Internal citations omitted.)

{¶ 18} "A defendant is entitled to a hearing on a motion for leave to file a motion for a new trial only if he submits documents that, on their face, support his claim that he was unavoidably prevented from timely discovering the evidence in question." *Cowan* at ¶ 11. "In other words, the trial court is required to hold a hearing to determine whether there is clear and convincing proof of unavoidable delay only if the court determines that the documents submitted on their face support the defendant's claim that he was unavoidably prevented from timely discovering the evidence." *Id.*

{¶ 19} Furthermore, we recognize that Orr is proceeding pro se. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Fleming v. Shelton*, 2020-Ohio-1387, ¶ 9 (8th Dist.), quoting *Bikkani v. Lee*, 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996).

**Orr's Motion for Leave**

{¶ 20} In his motion for leave, Orr alleges that he discovered new evidence in the form of statements from Gerald Loper ("Loper"), who Orr alleges admits to stealing a bag of Orr's clothes and his cell phone and then selling them to a drug dealer for drugs the morning of the murder at issue. He alleges this is why a half-faced mask with his DNA and a cell phone registered to his mother that he was using were found at the scene of the crime.

{¶ 21} To support these claims Orr attaches to his motion for leave three separate handwritten letters (Defense Exhibits A1-3) purportedly from Loper, which Orr alleges are affidavits because they are stamped by a notary and two of them are signed by a notary. He also provides trial transcript pages, a news article and an affidavit from himself. One of the letters by Loper is dated April 18, 2020, and the other two letters are dated August 1 and 2, 2022.

{¶ 22} The crux of Orr's argument that he was entitled to a hearing based on this "newly discovered evidence" is these letters by Loper. As stated, Orr states that these are affidavits while the State argues they are not because they do not contain the proper jurat. We agree with the State.

{¶ 23} "An affidavit is 'a written declaration [made] under oath.'" *State ex rel. Maras v. LaRose*, 2022-Ohio-3295, ¶ 19, quoting R.C. 2319.02. "A notary public . . . is authorized to . . . [a]dminister oaths or affirmations required or authorized by law." R.C. 147.51(A)(1). "Ohio law requires that notaries provide a notarial certificate for every notarial act they perform, R.C. 147.542(A), and use the proper

wording for each certificate, R.C. 147.542(F)(2)." *Glinsky v. Zeltman (In re Cook),* 2023-Ohio-4883, ¶ 11.

{¶ 24} R.C. 147.542(F) provides that the notarial certificate must show:

(1) The state and county venue where the notarization is being performed;

(2) The wording of the acknowledgment or jurat in question;

(3) The date on which the notarial act was performed;

(4) The signature of the notary, exactly as shown on the notary's commission;

(5) The notary's printed name, displayed below the notary's signature or inked stamp; [and]

(6) The notary's notarial seal and commission expiration date.

As defined by statute, the "jurat" means a "notarial act" where "(1) [t]he signer of the notarized document is required to give an oath or affirmation that the statement in the notarized document is true and correct; [and] (2) [t]he signer signs the notarized document in the presence of a notary public." R.C. 147.011(C). *See In re Disqualification of Park,* 2024-Ohio-3184, ¶ 24. R.C. 147.542(C) provides that a "jurat certificate shall state that an oath or affirmation was administered to the signer with regard to the notarial act." *Id.* at ¶ 25. The statute provides that a jurat certificate shall be accepted if it states it was "'[s]worn to and subscribed before me,' 'affirmed to and subscribed before me,' or their substantial equivalent, when executing a jurat." R.C. 147.542(C)(3)(b).

{¶ 25} "The jurat, understood both as the notarial act and as the certificate attesting the act, is necessary for a valid affidavit." *Grinder v. Schaaf,* 2025-Ohio-

4723, ¶ 15 (11th Dist.). Consequently, "[the Ohio Supreme Court] has rejected documents bearing a notary public's stamp but not her signature and lacking a notarial jurat or any other indication that the declarants had sworn to their statements or had made their statements under oath." *State v. Fambro. (In re O'Brien.)*, 2024-Ohio-6135, ¶ 8, quoting *Cleveland Metro. Bar Assn. v. Carson*, 2023-Ohio-4036, ¶ 10.

{¶ 26} "'An affidavit must appear, on its face, to have been taken before the proper officer and in compliance with all legal requisites. A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit.'" *State ex rel. White v. Franklin Cty. Bd. of Elections*, 2020-Ohio-524, ¶ 13, quoting *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238 (1992) (purported affidavit omitting jurat of notary public or other official authorized to administer oath or affirmation was not an affidavit). *See State v. Miller,* 2023-Ohio-3448, ¶ 28-29 (Kennedy, C.J., concurring in judgment only) (finding that the handwritten statement failed to contain sufficient language to create "sworn testimony" and therefore was not an affidavit, but simply an unsworn statement).

{¶ 27} Upon review of the three alleged affidavits by Loper that Orr attached to his motion for leave, we find they do not comply with Ohio law and are, therefore, not affidavits. While all three documents are stamped by a notary, only two of the three documents are signed by the notary and none of them are dated by the notary. Furthermore, none of the letters contain the required jurat from the notary public that Loper was sworn in and made his alleged statements under oath. There is

absolutely no indication in any of the documents that Loper was under oath at the time the documents were signed. Despite Orr's arguments to the contrary, these letters by Loper are not affidavits and are instead merely unsworn statements.

{¶ 28} Under Ohio law:

> Unsworn statements are not evidence. *See State v. Esterle*, 2007-Ohio-1350, ¶ 7 (9th Dist.) (an unsworn statement in a restitution hearing is not competent evidence of losses); *see also In re O.G.H.*, 2023-Ohio-1555, ¶ 23, 214 N.E.3d 654 (5th Dist.) (unsworn statements do not constitute evidence); *Paasewe v. Wendy Thomas 5 Ltd.*, 2009-Ohio-6852, ¶ 22 (10th Dist.), quoting *Poorman v. Ohio Adult Parole Auth.*, 2002-Ohio-1059 (4th Dist.) ("[U]nsworn statements . . . do not constitute evidence . . . ."); *State v. Gau*, 2008-Ohio-6988, ¶ 14 (11th Dist.) ("An unsworn letter is not evidence."); *State v. Mayfield*, 102 Ohio St. 3d 1240, 2004-Ohio-3440, ¶ 18, 811 N.E.2d 81 (O'Donnell, J., dissenting) (unsworn statements are not evidence).

*State v. Reynoso*, 2025-Ohio-3119, ¶ 18 (11th Dist.)

{¶ 29} Orr argues that this court should follow its decision in *Walker*, 2023-Ohio-2689. However, that case is distinguishable because the defendant there had an actual affidavit presenting newly discovered evidence from a witness that was unknown to him, unlike here where there is no affidavit with newly discovered evidence.

{¶ 30} Because unsworn testimony is not evidence, Orr has failed to demonstrate that he has obtained what constitutes "newly discovered evidence" and, therefore, he failed to satisfy the requirements of Crim.R. 33(B). *Smith*, 2024-Ohio-1360, at ¶ 47.

{¶ 31} We find that the trial court did not abuse its discretion in denying Orr's motion for leave to file a motion for a new trial without a hearing.

{¶ 32} Orr's first assignment of error is overruled.

**Orr's Successive Petition for Postconviction Relief**

{¶ 33} In Orr's second assignment of error, he claims that the trial court erred by refusing to hold a hearing on his petition to "address [the] issue of newly discovered affidavits that were submitted to materially discredit the admissibility of key evidence," which disconnects him from the scene of the crime supporting his innocence. Specifically, Orr makes two arguments for why the trial court erred in denying his petition. First, that the prosecution failed to disclose the identity of a witness in discovery and second, that the court did not consider the "new evidence" of the Loper unsworn statements and other attached documents.

{¶ 34} In support of his petition Orr attaches an affidavit from Sharron M. Gordon ("Gordon"), which included a report she authored. The affidavit merely states she provided administrative services to Orr for a month and a half and wrote a 31-page report based on her experience counseling, and treating, individuals diagnosed with substance abuse disorders who also have criminal thinking/behavior patterns and mental-health disorders. In her report, Gordon reviews the letters from Loper, which are not attached to the petition, and provides research data regarding addiction/treatment. Gordon's report also includes results from blind surveys that she developed and distributed to clients currently in treatment and recovery programs. Orr seems to be providing Gordon's testimony to support the idea that drug addicts, like Loper, often engage in criminal behavior

to support their habits and are prone to admit wrongdoing after engaging in treatment.

{¶ 35} Orr also attached to his petition a letter from attorney Eric Norton to his client Rayshon Anderson, an affidavit from Norton confirming his representation of Anderson which included, as exhibits, a copy of a report prepared by the Cuyahoga County Adult Probation Department in connection with criminal proceedings against Norton and an affidavit from Kristen L. Sobieski regarding an unnamed "respondent." The relevance of these documents is unclear.

{¶ 36} Last, Orr attached a copy of an envelope addressed to Rachel N. Jones ("Jones") from Brenda Howell and a handwritten letter purportedly signed by Jones. This letter relates that Loper confessed to her that he stole and sold Orr's property, including personal clothing and a cell phone, to a drug dealer for crack cocaine without Orr's knowledge. The letter has no date and does not indicate what time frame these acts occurred in.

{¶ 37} Because Orr has filed previous petitions for postconviction relief, this petition is a successive petition. Whether a trial court possesses subject-matter jurisdiction to entertain a successive petition for postconviction relief is a question of law, which appellate courts review de novo. *State v. Kenney*, 2025-Ohio-4841, ¶ 14 (8th Dist.), citing *State v. Scott*, 2024-Ohio-6211, ¶ 12 (8th Dist.), citing *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 38} "[A] court may not entertain . . . successive petitions for similar relief on behalf of a petitioner unless [R.C. 2953.23(A)(1) or (2)] applies." R.C.

2953.23(A). Relevant to this appeal, the R.C. 2953.23(A)(1) exception allows the trial court to consider a successive petition if both of the following conditions are met:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

"[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Kenney* at ¶ 17, quoting *Apanovitch* at ¶ 36.

{¶ 39} Orr is not arguing the United States Supreme Court recognized a new federal or state right, so instead he must show that he was "unavoidably prevented" from discovering the facts upon which he must rely to present his claim for relief. This court has held the "unavoidably prevented" requirement in R.C. 2953.23(A)(1) mirrors the "unavoidably prevented" requirement in Crim.R. 33(B). *State v. Murphy*, 2021-Ohio-3925, ¶ 37 (8th Dist.), citing *State v. Waddy*, 2016-Ohio-4911, ¶ 27 (10th Dist.).

{¶ 40} Orr's first argument in his petition alleges the prosecution failed to disclose a witness's identity whose statements an investigating detective reviewed

and/or relied upon during his investigation in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). *Brady*

> governs situations when the state withholds evidence that tends to exculpate a criminal defendant. "When the prosecution withholds material, exculpatory evidence in a criminal proceeding, it violates the due process right of the defendant under the Fourteenth Amendment to a fair trial." *State v. Johnston*, 39 Ohio St.3d 48, 60, 529 N.E.2d 898 (1988). *Brady* violations may be found regardless of whether the defense requested the evidence and "irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. 83, at 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *State v. Magwood*, 2019-Ohio-5238, ¶ 19. (8th Dist.). The Ohio Supreme Court has recently held in *State v. Bethel*, 2022-Ohio-783, ¶ 25, that when a defendant seeks to assert a *Brady* claim in a successive petition "the defendant satisfies the 'unavoidably prevented' requirement contained in R.C. 2953.23(A)(1)(a) by establishing that the prosecution suppressed the evidence on which the defendant relies."

{¶ 41} "A petition for postconviction relief must present some evidence demonstrating the unavoidably prevented prong of the analysis, including whether the State suppressed the evidence at issue." *State v. Whatley*, 2024-Ohio-4909, ¶ 15 (8th Dist.). "'Unsubstantiated, self-serving allegations are not sufficient to demonstrate entitlement to an evidentiary hearing.'" *State v. Dye*, 2024-Ohio-3191, ¶ 27 (8th Dist.), quoting *State v. Walter*, 2020-Ohio-6741, ¶ 9 (8th Dist.), citing *State v. Hill*, 2019-Ohio-365, ¶ 70 (1st Dist.).

{¶ 42} Reviewing Orr's petition, we find he fails to present any evidence demonstrating he was unavoidably prevented from discovering any evidence. Regarding his first argument, the alleged *Brady* violation, Orr does not present any evidence in his petition that the State suppressed the identity of a witness. As discussed above, none of the evidence attached to his petition supports his allegation

that the State suppressed the identity of a witness. In the body of his petition, Orr also cites to alleged trial transcript pages to support his allegations, but fails to attach any of the transcript pages to his petition.

{¶ 43} Regarding *Brady* violations in the context of postconviction-relief petitions, this court has held that when there is no evidentiary basis to conclude the alleged evidence was suppressed and the defendant provides no evidence besides self-serving, speculative assumptions the trial court properly denies an untimely/successive petition. *Whatley* at ¶ 16-18. Here, same as *Whatley*, there is no evidentiary basis in Orr's petition to conclude that any alleged evidence was suppressed, and Orr provides no evidence of suppressed evidence besides self-serving allegations in his petition.

{¶ 44} Similarly, Orr fails to support the second argument in his petition with any credible evidence. In his petition, Orr alleges he "has discovered a potential witness who gave him several notarized affidavit documents. The potential witness avers in the affidavit documents how and specifically why his out of control drug addiction behavior patterns led to the event of someone other than petitioner initiating criminal possession over the LG cell phone and item 21.1 DNA property at 4:14 a.m. on October 10, 2011." Orr further alleges "[f]rom affidavit the potential witness avers he sold the LG cell phone device and item 21.1 DNA property to a drug dealer at 4:14 a.m. on October 10, 2011 after dialing to Brenda Howell's unsaved number." However, in his petition, Orr never specifically identifies this alleged potential witness and there are no affidavits from this potential witness attached to

his petition. Furthermore, even if Orr is referring to the Loper letters attached to his motion for leave, as discussed above, those letters are unsworn statements and do not constitute evidence. As such, Orr fails to present any, let alone some, evidence demonstrating he was unavoidably prevented from discovering evidence forming the basis of his petition. *Whatley* at ¶ 15.

{¶ 45} Wherefore, because Orr fails to meet the requirements of R.C. 2953.23(A)(1)(a), the trial court did not have jurisdiction to entertain his successive petition as a matter of law and did not abuse its discretion by properly dismissing it without a hearing.

{¶ 46} Orr's second assignment of error is overruled.

**Vexatious Litigator Declaration**

{¶ 47} Loc.App.R. 23, in accordance with R.C. 2323.52, authorizes this court to sua sponte find a party to be a vexatious litigator and impose appropriate sanctions. Under Loc.App.R. 23, a vexatious litigator is one who "habitually, persistently, and without reasonable cause engages in frivolous conduct" such as filing an appeal or original action that is "not reasonably well-grounded in fact, or warranted by existing law, or by a good faith argument for the extension, modification, or reversal of existing law."

{¶ 48} Based upon Orr's filing history and the fact that, despite the warning in our 2022 opinion in *Orr*, 2022-Ohio-4515, at ¶ 10, that the continued filing of original actions or appeals from the denials of postconviction motions or petitions for postconviction relief that are frivolous may result in Orr being declared a

vexatious litigator, Orr continued to file this appeal from the trial court's denials of his postconviction motion and petition, which were frivolous. Even during the pendency of this appeal Orr has filed a sixth petition for postconviction relief.

**{¶ 49}** As such, this court sua sponte declares Orr a vexatious litigator pursuant to Loc.App.R. 23. Orr is prohibited from initiating any appeals or original actions, continuing any appeals or original actions or filing any motions in any pending appeals or original actions, pro se, in the Eighth District Court of Appeals, without first obtaining leave from this court. He is further prohibited from filing any appeal or original action, pro se, in this court without the filing fee and security for costs required by Loc.App.R. 3(A). *See Sultaana v. Horseshoe Casino*, 2015-Ohio-4083, ¶ 28 (8th Dist.). Any request to file an appeal or original action shall be submitted to the clerk of this court for the court's review.

**{¶ 50}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
MARY J. BOYLE, J., CONCUR