THOMAS et al., Appellants and Cross–Appellees,

v.

CITY OF CLEVELAND, Appellee and Cross–Appellant.

[Cite as *Thomas v. Cleveland* (2000), 140 Ohio App.3d 136.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 75005 and 75006.

Decided Feb. 10, 2000.

138

*Peter M. Iskin, Harold L. Williams* and *Ann McGowan Porath,* for appellants and cross-appellees.

*Cornell P. Carter,* Director of Law; *William D. Mason,* Cuyahoga County Prosecuting Attorney, *Jeffrey I. Sherwin* and *Cathie T. Chancellor,* Assistant Prosecuting Attorneys, for appellee and cross-appellant.

JOHN T. PATTON, Presiding Judge.

Ohio law permits the forfeiture of contraband used in connection with certain criminal offenses, regardless whether the owner of the contraband participated in the criminal offense. The issue in this appeal and cross-appeal is whether the city of Cleveland's seizure procedures violate due process by failing to afford innocent owners of property sufficient notice of seizure and speedy disposition of their property.

The relevant facts have been stipulated, though we stress the stipulations referred to are those entered into only between the city and plaintiffs, not those separately entered into by the Cuyahoga County Prosecuting Attorney, who is not a party to this appeal. Both plaintiffs in this consolidated case, Annie Thomas and Christine Taylor, own automobiles that were used by other persons in the commission of drug offenses. Neither plaintiff participated in the commission of the underlying criminal offense.

The stipulated facts show that when the city takes possession of a vehicle it believes may be subject to forfeiture, it submits a request to the Cuyahoga County Prosecuting Attorney to begin forfeiture proceedings. The prosecutor

must then determine whether the vehicle is subject to forfeiture. If the prosecutor determines that a forfeiture petition should be filed, the prosecutor generally files the petition at the same time the indictment is filed in the underlying criminal case.

The parties agree the city filed timely requests for forfeiture in both cases with the prosecuting attorney, but the prosecuting attorney did not file petitions requesting forfeiture in either underlying criminal case.

Plaintiff Thomas's son used her car without her permission and was stopped for a traffic offense on February 6, 1995. The police found drugs in his possession and arrested him on felony drug abuse charges. The police impounded the car as suspected contraband pursuant to R.C. 2933.43(A)(1) because of its relationship to the underlying felony drug charges. Thomas called the police within two days of her son's arrest to inquire about her car. At that time, the police orally informed her they took possession of the car and would keep the car subject to forfeiture. Thomas made a second unsuccessful attempt to retrieve her car on April 6, 1995.

Sometime in February 1995, the police timely requested the prosecuting attorney to file a petition for forfeiture. They did so with the expectation that, unless informed otherwise, the petition for forfeiture would be filed. On June 13, 1995, Thomas's son pleaded guilty to a drug abuse charge. The police learned "sometime after June 29, 1995" that the prosecuting attorney did not file a petition for forfeiture in that case. On September 7, 1995, the police telephoned Thomas and told her she could retrieve her car.

Plaintiff Taylor permitted a friend to use her car on April 5, 1995, and the police stopped the friend for a traffic violation. The police found drugs in his possession and arrested him on felony drug abuse charges. The police impounded the car as suspected contraband pursuant to R.C. 2933.43(A)(1) because of its relationship to the underlying felony drug charges. Taylor called the police on the day of her friend's arrest to inquire about her car. The police orally informed Taylor they took possession of the car and would keep the car subject to forfeiture. In April 1995, the police timely requested that the prosecuting attorney file a forfeiture petition, but the prosecuting attorney did not file the petition. Taylor's friend pleaded guilty to a drug abuse charge on January 25, 1996. The stipulations do not indicate when the city learned that the prosecuting attorney did not file a petition for forfeiture, but the police released Taylor's car on May 20, 1996. Taylor made three inquires about her car during the period from July 1995 to September 1995.

Plaintiffs filed this declaratory judgment action asking the court to declare the forfeiture statute unconstitutional on grounds that it failed to afford them timely and meaningful post-seizure notice and an opportunity to be heard on the seizure.

The complaint also sought compensatory damages. The parties entered into stipulations of fact and filed cross-motions for summary judgment.

In a written opinion, the court found the delay plaintiffs suffered in retrieving their cars was caused by the need to adjudicate the underlying criminal case, a prerequisite to satisfying the forfeiture provisions of R.C. 2933.43(C). Because a forfeiture hearing must be held no later than forty-five days after the conclusion of the criminal case, and a potential innocent owner is entitled to twenty-eight days notice of the hearing, the court found R.C. 2933.43(C) "can be interpreted as requiring no more than seventeen (17) days notice after the conclusion of the underlying criminal case." Applying those time periods, the court found that neither plaintiff received a hearing within forty-five days after the underlying criminal cases were completed, so they were entitled to compensation. The parties eventually stipulated that each plaintiff would receive $400 in damages.

I

The city's cross-assignment of error argues the court should not have reached the merits of the case because the issues were not ripe for adjudication. It maintains the forfeiture mechanism did not come into operation because the prosecuting attorney did not file a petition for forfeiture. That being the case, the city claims plaintiffs could not have attacked the validity of the forfeiture mechanism under the declaratory judgment statute because a concrete dispute about the forfeiture statute did not exist. The city argues plaintiffs should have instead availed themselves of the right to replevin, a course of action plaintiffs admit they did not pursue.

 Under R.C. 2933.43(C), the prosecuting attorney who has responsibility for prosecuting the underlying criminal case must file the petition for forfeiture. Because the persons driving plaintiffs' cars were charged with felony drug offenses, the responsibility for prosecuting these cases fell to the prosecuting attorney of Cuyahoga County, at that time, Stephanie Tubbs Jones. The prosecuting attorney therefore had the responsibility to file the forfeiture petitions. When she failed to do so, there was no possibility that forfeiture could be ordered at all. See *State v. Cola* (1992), 76 Ohio App.3d 840, 841, 603 N.E.2d 405, 405 (forfeiture could not be ordered absent filed petition); *State v. Roberson* (Jan. 19, 1995), Cuyahoga App. No. 64956, unreported, 1995 WL 23347.

 Without a properly filed petition, the forfeiture mechanism did not begin and there could not have been a "real and justiciable controversy" between the parties. A "justiciable controversy" is a "real" or "actual" controversy. *Voinovich v. Ferguson* (1992), 63 Ohio St.3d 198, 217, 586 N.E.2d 1020, 1033. Otherwise stated, a real, justiciable controversy is a "genuine dispute between

parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 13, 574 N.E.2d 533, 537. In *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35, 37, 65 O.O.2d 179, 180, 303 N.E.2d 871, 873, the Supreme Court of Ohio quoted the United States Supreme Court, in *Aetna Life Ins. Co. v. Haworth* (1937), 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617, 621–622, as follows:

" * * * [I]n order to grant declaratory relief, the court must be convinced of the existence of ' * * * a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' "

A proceeding does not lie to obtain a judgment which is merely advisory or which answers a moot or abstract question. *Moskowitz v. Federman* (1943), 72 Ohio App. 149, 164, 27 O.O. 53, 59–60, 51 N.E.2d 48, 55–56. Similarly, a declaratory judgment action will not lie to obtain a judgment which is advisory in nature or which is based on an abstract question or a hypothetical statement of facts. *Bilyeu v. Motorists Mut. Ins. Co.*, 36 Ohio St.2d at 37, 65 O.O.2d at 180, 303 N.E.2d at 872–873; *Cincinnati Metro. Hous. Auth. v. Cincinnati Dist. Council No. 51* (1969), 22 Ohio App.2d 39, 51 O.O.2d 45, 257 N.E.2d 410.

The court conceded that there was no longer a controversy or justiciable issue between the parties, but found the issue "is likely to recur and declaratory judgment could terminate the uncertainty or controversy." (Internal quotation omitted.) In *Weinstein v. Bradford* (1975), 423 U.S. 147, 149, 96 S.Ct. 347, 348–349, 46 L.Ed.2d 350, 352–353, the United States Supreme Court recognized an exception to the mootness doctrine in non-class action cases where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." See, also, *Murphy v. Hunt* (1982), 455 U.S. 478, 482, 102 S.Ct. 1181, 1183–1184, 71 L.Ed.2d 353, 357; *James A. Keller, Inc. v. Flaherty* (1991), 74 Ohio App.3d 788, 792, 600 N.E.2d 736, 738–739.

Under the circumstances, we believe petitioners have made a sufficient showing that they will reasonably suffer another potential forfeiture in the future. The record shows that when Thomas retrieved her car she signed a document stating:

**You are being advised that if your auto is used in the future by the above arrested person where it falls under the criminal tool statute you will not be considered an innocent owner again and a forfeiture action will be taken. You are also being advised that you must take reasonable precautions in**

granting others to use your auto; you should make sure they have a valid driver's license, do not have a past criminal history or engage in criminal activity to the best of your knowledge. (drug history, breaking and entering, agg. burglary, etc.) allowing others to use your auto without taking reasonable precautions could put you at risk of having your auto forfeited." (Bold lettering *sic.*)

This document suggests that the city will not consider Thomas to be an innocent owner if her son once again uses her car, is arrested, and the car is considered a criminal tool. This statement does not apply to persons other than her son, so Thomas could find herself in a similar circumstance, but with another person. Plaintiff Taylor could likewise fall within the same set of facts. Because both plaintiffs could conceivably be subject to forfeitures in the future, the issue would then be capable of repetition. We find the court did not err by concluding the matter is not moot. The cross-assignment of error is overruled.

## II

In their assignments of error, plaintiffs argue the forfeiture procedure set forth in R.C. 2933.43 is facially unconstitutional relative to innocent owners of seized automobiles because the statute does not provide the due process protections of reasonable notice of the seizure or a timely post-deprivation hearing. Petitioners essentially maintain that a final hearing held no later than forty-five days after the conviction or adjudication of guilt in the underlying criminal case deprives the innocent owner of the right to a "meaningful" opportunity to challenge the seizure.

Possessory interests in property invoke procedural due process protections. See *Fuentes v. Shevin* (1972), 407 U.S. 67, 87, 92 S.Ct. 1983, 1997–1998, 32 L.Ed.2d 556, 573–574. "In an ordinary case a citizen has a right to a hearing to contest the forfeiture of his property, a right secured by the Due Process Clause." See *Degen v. United States* (1996), 517 U.S. 820, 822, 116 S.Ct. 1777, 1780, 135 L.Ed.2d 102, 107; *United States v. James Daniel Good Real Property* (1993), 510 U.S. 43, 48–49, 114 S.Ct. 492, 498–499, 126 L.Ed.2d 490, 499–500. Nevertheless, in *Parratt v. Taylor* (1981), 451 U.S. 527, 539, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420, 431, overruled on other grounds by *Daniels v. Williams* (1986), 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662, the court stated:

"[T]he necessity of quick action by the State or the impracticability of providing any meaningful predeprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process." (Footnote omitted.)

When automobiles are involved, impoundments do not require a predeprivation hearing because such process is not feasible. *United States v. Von Neumann* (1986), 474 U.S. 242, 250–251, 106 S.Ct. 610, 615–616, 88 L.Ed.2d 587, 595–596; *Florida v. White* (1999), 526 U.S. 559, 564–565, 119 S.Ct. 1555, 1559, 143 L.Ed.2d 748, 753–755. Even when the property seized belongs to an innocent owner, the state's interest in taking control of property used during the commission of a criminal offense will justify the immediate seizure of the property. See *Bennis v. Michigan* (1996), 516 U.S. 442, 116 S.Ct. 994, 134 L.Ed.2d 68. Hence, the state may deprive an innocent owner of her interest in property subject to a forfeiture proceeding based upon a co-owner's criminal activities where she had notice and opportunity to contest the forfeiture. *Id.*

R.C. 2933.43(A)(1) orders the seizure of suspected "contraband" used in connection with certain felony offenses. The statute directs the seizing law enforcement officer to contact the title owner of the seized contraband within seventy-two hours after seizure. R.C. 2933.43(A)(2). The statute does not dictate the contents of the required notice other than to say the law enforcement officer or agency "shall notify the owner of the seizure." *Id.* Under some circumstances an owner may request the return of the seized property within seventy-two hours, but this does not apply to property deemed contraband. See R.C. 2933.43(B)(2).

A petition for the forfeiture of seized contraband must be filed by the prosecuting attorney having responsibility for the prosecution of the underlying criminal offense. R.C. 2933.43(C). The forfeiture petition must be filed in the court having jurisdiction over the underlying criminal offense. *Id.* If the property seized is determined by the seizing law enforcement officer to be contraband because of its relationship to the underlying criminal offense, no forfeiture hearing shall be held unless the accused in the underlying criminal offense pleads guilty to or is convicted of, the offense (or a different offense) arising out of the same set of facts justifying the initial seizure of the contraband. *Id.* Once a conviction or guilty plea in the underlying offense has been entered, a forfeiture hearing must be held within forty-five days. *Id.*

Petitioners do not deny the forfeiture statute provides an opportunity for a hearing before forfeiture, but argue the hearing occurs far too late in the proceedings, coming no later than forty-five days after disposition of the underlying criminal case. In Thomas's case, the police seized her vehicle in February 1995 and the underlying criminal case was not disposed of until June 1995, a period of nearly four months. In Taylor's case, the police seized her vehicle in April 1995 and the underlying criminal case was not disposed of until January 1996, a period of nearly ten months.

The parties dispute which line of authority governs the due process analysis, and this dispute highlights two different ways of viewing the issues. The court applied the test set forth in *United States v. Eight Thousand Eight Hundred and Fifty Dollars* (1983), 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 ("*$8,850*"), a modification of the *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, speedy trial delay test, to determine whether the delay in instituting a civil proceeding for forfeiture violated plaintiffs' right to due process. Plaintiffs maintain the court erred in doing so and should have applied the test set forth in *Mathews v. Eldridge* (1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18, to determine what process is due to protect against the erroneous deprivation of a property interest.

█ We find the court properly analyzed the issue under *$8,850* because plaintiffs' vehicles were rebuttably presumed to be contraband until such time that plaintiffs proved otherwise. See R.C. 2933.42(B). The cases make an important distinction between "contraband" and "impounded property." Contraband may be treated differently from other types of property because one cannot own contraband. See R.C. 2901.01(A)(13)(b) (defining "contraband" as "[p]roperty that is not in and of itself unlawful for a person to acquire or possess, but that has been determined by a court of this state, in accordance with law, to be contraband because of its use in an unlawful activity or manner, of its nature, or of the circumstances of the person who acquires or possesses it"); see, also *Trupiano v. United States* (1948), 334 U.S. 699, 710, 68 S.Ct. 1229, 1234–1235, 92 L.Ed. 1663, 1671–1672 (holding that illegally seized contraband need not be returned to defendants because they had no right to it).

█ "It is well settled that the government is permitted to seize evidence for use in investigation and trial, but that such property must be returned once criminal proceedings have concluded, unless it is contraband or subject to forfeiture." *United States v. Chambers* (C.A.3, 1999), 192 F.3d 374. See, also *United States v. Duncan* (C.A.6, 1990), 918 F.2d 647, 654 ("The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated.").

Because the city held the vehicles as presumed contraband, it had a "continuing interest" in the vehicles beyond their use in the underlying criminal cases. *United States v. David* (C.A.2, 1997), 131 F.3d 55, 59. R.C. 2933.43 assumes this point, as it permits the seizing authority to wait up to seventeen days after resolution of the underlying criminal case to make a forfeiture claim.

█ Plaintiffs maintain that *$8,850* and Ohio cases like *State v. Baumholtz* (1990), 50 Ohio St.3d 198, 553 N.E.2d 635, can be applied only to non-innocent owners of vehicles. The flaw with this argument is that cases like *Kutschbach v.*

*Davies* (S.D.Ohio 1995), 885 F.Supp. 1079, and *State v. Hochhausler* (1996), 76 Ohio St.3d 455, 668 N.E.2d 457, while dealing with innocent owners, did not deal with contraband. Both *Kutschbach* and *Hochhausler* were decided under the motor vehicle law of R.C. Title 45: *Kutschbach* with R.C. 4507.38(B)(1) (wrongful entrustment of a vehicle); *Hochhausler* under R.C. 4511.195 (driving while intoxicated). Both statutes permit the police to impound a vehicle, presumably as a means of removing the offending instrumentality from the roadways. But, unlike R.C. 2933.42, neither statute classifies the vehicles used in violation of either R.C. 4511.195 or R.C. 4507.38 as contraband. The innocent owner has the right to reclaim an *impounded* vehicle, and no compelling governmental reasons exist to justify a continued delay in returning impounded vehicles. See *Hochhausler*, 76 Ohio St.3d at 467, 668 N.E.2d at 468–469. But when a vehicle is classified as *contraband*, the government may continue to hold the vehicle pending forfeiture.

■ Turning to the factors set forth in *$8,850*, we must first determine the length of the delay. To some extent, the length of the delay is a " 'triggering mechanism' " requiring an inquiry into the remaining factors. *$8,850*, 461 U.S. at 565, 103 S.Ct. at 2012–2013, 76 L.Ed.2d at 152–153 (quoting *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. at 2191–2192, 33 L.Ed.2d at 116).

R.C. 2933.43(C) sets no time limit on when the petition for forfeiture must be filed, although the statute does state the court must conduct a hearing on the forfeiture petition no later than forty-five days after conviction in the underlying criminal case. The innocent owner is entitled to notice of the hearing at least four weeks before the hearing. *Id.* Therefore, the latest date on which a forfeiture petition can be filed is seventeen days after the conviction in the underlying criminal case.

Our review of contraband forfeiture cases convinces us that the forty-five day time period in R.C. 2933.43(C) is reasonable. In *Baumholtz*, the court found an unexplained delay of five and one-half months unreasonable, primarily because the version of the statute then in effect did not contain any time frame for holding a forfeiture hearing. *Baumholtz*, 50 Ohio St.3d at 200–201, 553 N.E.2d at 636–638. Likewise, in *State v. Golston* (1990), 66 Ohio App.3d 423, 584 N.E.2d 1336, we found an eighteen-month delay unreasonable.

The federal cases present much more lenient time frames. In *$8,850*, the United States Supreme Court found an eighteen-month delay was not unreasonable given the owner's continued litigation of the underlying criminal offense. See, also, *United States v. United States Currency in the Amount of $228,536.00* (C.A.2, 1990), 895 F.2d 908, 917 (delay of almost four years between seizure and commencement of forfeiture action, and almost three years after guilty plea, was not a violation of due process because the claimant's criminal action was pending,

the delay did not prejudice the claimant's defense of the forfeiture action, and there had been no indication that the claimant asserted a claim to the money prior to the forfeiture proceeding); *United States v. Turner* (C.A.4, 1991), 933 F.2d 240 (sixteen-month delay in filing forfeiture petition against vehicle held not unreasonable when government mistakenly believed that vehicle had been forfeited in administrative proceeding).

Admittedly, the cases generally speak of the delay in filing the forfeiture petition, but we see no substantive distinction in this case. The fact remains that forfeiture of the contraband could not be accomplished until after the disposition of the underlying criminal case, so we are less concerned with when the petition is actually filed (there being no express time constraints under R.C. 2933.43) as we are with when the hearing is held.

The second factor concerns the reasons for the delay. Because the vehicles are classified as contraband, that is, instrumentalities used in commission of the underlying criminal offense, it is reasonable to wait until the disposition of the underlying criminal case before proceeding to the forfeiture hearing. Facts developed during the criminal case may shed light on the question whether the owner knew or was likely to know that the vehicle would be involved in a crime.

In *Baumholtz*, the court held that waiting until after the criminal case had been concluded to file a petition did not constitute a sufficient reason for delay. But this statement should not be read in a vacuum. *Baumholtz* cited *$8,850* for the proposition that "the pendency of a trial does not automatically toll the time for instituting a forfeiture proceeding." *Baumholtz*, 50 Ohio St.3d at 203, 553 N.E.2d at 639, citing *$8,850*, 461 U.S. at 567, 103 S.Ct. at 2013–2014, 76 L.Ed.2d at 154. Yet in *$8,850*, the United States Supreme Court said that "[p]ending criminal proceedings present similar justifications for delay in instituting civil forfeiture proceedings." *Id.* The Supreme Court noted that "a prior civil suit might serve to estop later criminal proceedings and may provide improper opportunities for the claimant to discover the details of a contemplated or pending criminal prosecution." *Id.* Under the circumstances, we give this factor weight.

The third factor is the claimant's assertion of a right to a judicial hearing. In plaintiff Thomas's case, the parties stipulate she made "at least two attempts to secure the release of her car." The parties also stipulate plaintiff Taylor "made at least four attempts to secure the release of her car." The exact nature of the "attempts to secure the release" of the vehicles is not clear from the stipulated facts.

Despite the lack of specific facts showing what attempts plaintiffs made to secure their vehicles, we can assume those attempts did not amount to any formal

legal action. The parties stipulated that neither plaintiff filed an action for replevin. Moreover, the stipulations show the police·told plaintiff Thomas her vehicle "would not be released pending the outcome of the forfeiture hearing." The stipulations recite similar facts for plaintiff Taylor, stating the police would retain the vehicle subject to forfeiture, but the stipulations do not specifically mention that the police would keep Taylor's vehicle pending the outcome of a "hearing."

We give little weight to the argument that plaintiffs tried to obtain the release of their vehicles. The repeated telephone calls following police notification of intent to seek forfeiture were insufficient. Plaintiff Thomas had been told a hearing would be conducted; plaintiff Taylor knew the police were holding the vehicle subject to forfeiture. At that point, plaintiffs should have sought legal advice.

Finally, we consider the prejudice or harm to the property owner as a result of the delay. Plaintiffs incorrectly argue prejudice in the context of the inconvenience they suffered without their vehicles. The correct inquiry focuses on "whether the delay has hampered the claimant in presenting a defense on the merits * * *." *$8,850*, 461 U.S. at 569, 103 S.Ct. at 2014, 76 L.Ed.2d at 155. Neither plaintiff makes the claim that the delay in instituting forfeiture proceedings impaired her ability to defend on the merits.

On balance, the factors set forth in *$8,850* show the forty-five day delay in instituting forfeiture proceedings under R.C. 2933.43 is reasonable. Therefore, the court correctly found the statute afforded plaintiffs due process of law. We express no opinion on the court's determination that plaintiffs' rights under the statute were violated because they did not receive a forfeiture hearing within forty-five days as required by law, nor do we express any opinion on the court's order that the city pay damages resulting from that violation of the statute.

The first and second assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KENNETH A. ROCCO and ANNE L. KILBANE, JJ., concur.