[Cite as *State ex rel. Stone v. Norman*, 2024-Ohio-263.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Keith Stone, | : | |
| Relator-Appellant, | : | |
| | | No. 23AP-376 |
| v. | : | (C.P.C. No. 22CV-4523) |
| Charles L. Norman, | : | (ACCELERATED CALENDAR) |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on January 25, 2024

**On brief:** *Jeffrey M. Lewis Co., LPA, Jeffrey M. Lewis, Evan J. Lewis, and Haley K. Lewis*, for appellant. **Argued:** *Evan J. Lewis* and *Jeffrey M. Lewis*.

**On brief:** *Dave Yost*, Attorney General, *Maggie M. McKenzie*, and *Andrew P. Rowan*, for appellee. **Argued:** *Maggie M. McKenzie*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Relator-appellant, Keith Stone, appeals the Franklin County Court of Common Pleas entry of summary judgment in favor of respondent-appellee, Charles Norman, Registrar of the Ohio Bureau of Motor Vehicles, and its denial of Stone's own motion for summary judgment, in this action for a writ of mandamus and/or for declaratory and injunctive relief. For the following reasons, we reverse the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} The facts in this matter are straightforward and undisputed. Following Stone's involvement in an automobile accident while he was uninsured, Nationwide Mutual Fire Company ("Nationwide"), filed a subrogation action against Stone to recover the amounts it had paid to its insured for damages arising out of that accident. In March 2005,

Nationwide obtained a default judgment against Stone in the amount of $28,201.81 plus interest and costs. As a result of that judgment, the Bureau of Motor Vehicles suspended Stone's driver's license, pursuant to R.C. 4509.37 and 4509.40.

{¶ 3} In June 2022, Stone commenced this action by filing a verified petition for a writ of mandamus and/or complaint for declaratory judgment ("complaint"). In his complaint, Stone requested a writ of mandamus ordering appellee to vacate Stone's license suspension or, alternatively, for a declaratory judgment that Stone has satisfied all requirements to have his license suspension vacated and for an injunction compelling appellee to vacate the suspension. Stone alleged that Nationwide's default judgment went dormant in March 2010, pursuant to R.C. 2329.07(B)(1), because Nationwide had taken no action to enforce the judgment. Stone further alleged that, pursuant to R.C. 2325.18, the judgment can no longer be revived, because the judgment has been dormant for more than ten years. Stone alleged that the judgment has been "released" due to Nationwide's failure to revive the judgment within ten years after it went dormant and that the BMV is therefore required to vacate his license suspension pursuant to R.C. 4509.40.

{¶ 4} Appellee does not dispute Stone's characterization of Nationwide's judgment as dormant and unrevivable.[1]

{¶ 5} Appellee and Stone filed cross-motions for summary judgment, which the trial court addressed together. Noting that this case presents a "pure issue of law," the trial court granted appellee's motion for summary judgment and denied Stone's motion. (May 31, 2023 Decision & Entry at 1.)

{¶ 6} Based on R.C. 4509.40, the trial court stated, Stone's license suspension must remain in place until appellee receives proof that the judgment on which the suspension is based has been stayed or satisfied, or that the judgment creditor has consented to lifting the suspension. *Id.* at 5. The court held that a judgment that has been allowed to go dormant and that may no longer be revived pursuant to R.C. 2325.18 is not a "satisfied" judgment, *id.* at 6, but it did not address whether such a judgment is "stayed" for purposes of R.C. 4509.40. It went on to hold that Stone was not entitled to a writ of mandamus because he has adequate remedies in the ordinary course of law, because he "could pay $25,000 toward the judgment" to obtain "satisfaction" pursuant to R.C. 4509.41(A)(3) or

---

[1] Nationwide was not a party in the action in the trial court.

he could seek Nationwide's consent to vacate the suspension. *Id.* With respect to Stone's claim for declaratory and injunctive relief, the trial court held only that Stone cited no Ohio authority to support his position that a dormant judgment, which cannot be revived due to the passage of time, requires vacation of a license suspension based on that judgment. *Id.* at 7.

{¶ 7} Stone filed a timely notice of appeal, and he raises three assignments of error:

> [1.] THE TRIAL COURT ERRED IN FINDING THAT [STONE] DID NOT HAVE A CLEAR RIGHT TO THE VACATION OF [APPELLEE'S] ORDER OF SUSPENSION OF RELATOR'S DRIVER'S LICENSE.
>
> [2.] THE TRIAL COURT ERRED IN FINDING THAT [STONE] HAD AN ADEQUATE REMEDY IN THE ORDINARY COURSE OF THE LAW.
>
> [3.] THE TRIAL COURT ERRED IN FINDING THAT [APPELLEE] WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.

(Appellant's Brief at ii-iii.)

## II.  STANDARD OF REVIEW

{¶ 8} Notwithstanding the general rule that the standard of review in a mandamus case is an abuse of discretion, we review a trial court's ruling on a motion for summary judgment—even in a mandamus case—de novo. *State ex rel. Manley v. Walsh*, 142 Ohio St.3d 384, 2014-Ohio-4563, ¶ 17, citing *State ex rel. Anderson v. Vermilion*, 134 Ohio St.3d 120, 2012-Ohio-5320, ¶ 8-9. We therefore "apply the same standard as the trial court." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Under Civ.R. 56(C), a court may enter summary judgment if the evidence supporting the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "[S]ummary judgment shall not be rendered unless it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." *Id.*

{¶ 9} A mixed standard of appellate review applies to claims for declaratory-judgment. The preliminary question whether to entertain a declaratory-judgment action is committed to the trial court's discretion and is reviewed on appeal for abuse of discretion. *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 13-14. But "the de novo standard of review is the proper standard for appellate review of purely legal issues that must be resolved after the trial court has decided that a complaint for declaratory judgment presents a justiciable question under R.C. Chapter 2721." *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 17. "Declaratory judgments do not enjoy a special insulation from reviewing courts on questions of law." *Id*. at ¶ 15. Here, because the trial court granted summary judgment for appellee on Stone's claim for declaratory and injunctive relief based solely on its legal determination that Stone had not satisfied the requirements set out in R.C. 4509.40, we review that decision de novo.

## III. ANALYSIS

### A. Relevant statutes

{¶ 10} The Ohio Motor Vehicle Financial Responsibility Act, R.C. Chapter 4509, was "enacted to 'provide sanctions which would encourage owners and operators of motor vehicles on Ohio highways to obtain liability insurance sufficient in amount to protect others who might be injured through the negligent operation of a motor vehicle.' " *Fazio v. Hamilton Mut. Ins. Co.*, 106 Ohio St.3d 327, 2005-Ohio-5126, ¶ 24, quoting *Iszczukiewicz v. Universal Underwriters Ins. Co.*, 182 F.Supp. 733, 735 (N.D.Ohio 1960). Under that act, the registrar of motor vehicles is required, upon receipt of a certified copy of a judgment, to impose a class F driver's license suspension on any person against whom such judgment was rendered, unless the registrar determines that an insurer is obligated to pay the judgment.[2] R.C. 4509.37(A) and 4509.39. A class F license suspension remains in place "until conditions are met." R.C. 4510.02(B)(6).

{¶ 11} R.C. 4509.40, the statute under which Stone claims he is entitled to relief from his license suspension, reiterates the suspension requirement from R.C. 4509.37, stating, "[t]he registrar of motor vehicles shall impose a class F suspension of the person's

---

[2] As used in the relevant statutes here, a "judgment" is "any judgment which has become final by expiration without appeal of the time within which an appeal might have been perfected, or by final affirmation on appeal, rendered by a court of competent jurisdiction of any state or of the United States, upon a cause of action arising out of the ownership, maintenance, or use of any motor vehicle for damages, * * * or upon a cause of action on an agreement of settlement for such damages." R.C. 4509.02(A).

driver's license * * * for the period of time specified in [R.C. 4510.02(B)(6)] for nonpayment of a judgment," but it then sets out conditions for a judgment debtor to obtain vacation of such a suspension. It states, "The registrar shall vacate the order of suspension upon proof that such judgment is stayed, or satisfied in full or to the extent provided in [R.C. 4509.41], subject to the exemptions stated in [R.C.] 4509.37, 4509.38, 4509.39, and 4509.42 * * *, and upon such person's filing with the registrar of motor vehicles evidence of financial responsibility in accordance with [R.C. 4509.45]." R.C. 4509.40.

{¶ 12} Stone maintains that he is entitled to have his class F license suspension vacated and that appellee is under a duty to vacate that suspension because the default judgment upon which it was based is dormant and cannot be revived, is no longer enforceable against Stone, and is therefore effectively stayed or satisfied for purposes of R.C. 4509.40.

### B. Relief requested

{¶ 13} In his complaint, Stone requested alternative forms of relief. First, he sought a writ of mandamus ordering appellee to vacate his license suspension. "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specifically enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. To be entitled to a writ of mandamus, a relator must demonstrate that (1) he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 29 (1983).

{¶ 14} Alternatively, Stone requested a declaratory judgment that his license suspension is unlawful and an injunction compelling appellee to vacate the suspension. (June 30, 2022 Compl. at 5.) Pursuant to R.C. 2721.03, "any person whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction * * * arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it." The "prerequisites to declaratory relief are (1) a real controversy between the parties, (2) justiciability, and (3) the necessity of speedy relief to preserve the parties' rights." *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, ¶ 19, citing *The Burger Brewing Co. v. Liquor Control Comm., Dept. of*

*Liquor Control*, 34 Ohio St.2d 93, 97 (1973), citing *Am. Life & Acc. Ins. Co. of Kentucky v. Jones*, 152 Ohio St. 287, 296 (1949). "For a controversy to be real or justiciable, the complainant cannot seek a decision which is advisory, which answers a mooted question, or which answers an abstract question based on facts that may or may not actually materialize." *State ex rel. Thernes v. United Local School Bd. Dist. of Edn.*, 7th Dist. No. 07 CO 45, 2008-Ohio-6922, ¶ 24, citing *Thomas v. Cleveland*, 140 Ohio App.3d 136, 142 (8th Dist.2000).

### C. Stone's assignments of error

### 1. Assignment of error No. 1

{¶ 15} Stone's first assignment of error states that the trial court erred by finding that he did not have a clear legal right to the vacation of his license suspension. His argument under that assignment of error, however, more specifically focuses on the trial court's legal conclusion that an unenforceable judgment, like Nationwide's against Stone, does not satisfy the statutory criteria for vacation of a license suspension, as set out in R.C. 4509.40. Stone maintains the trial court's legal conclusion is erroneous.

{¶ 16} As stated above, R.C. 4509.40 provides, "The registrar shall vacate the order of suspension upon proof that such judgment is stayed, or satisfied in full or to the extent provided in [R.C. 4509.41], subject to the exemptions stated in [R.C.] 4509.37, 4509.38, 4509.39, and 4509.42 * * *, and upon such person's filing with the registrar of motor vehicles evidence of financial responsibility in accordance with [R.C. 4509.45]."

{¶ 17} In his motion for summary judgment, Stone made three arguments in support of his claim that he is entitled to vacation of his license suspension. First, he argued that a dormant, unrevivable judgment is void and no longer legally enforceable, so that there is no longer "a judgment on which to base [his] suspension." (Mar. 9, 2023 Relator's Cross-Mot. for Summ. Jgmt. at 5.) He next equates a dormant, unrevivable judgment to a judgment that has been discharged in bankruptcy, citing a 50-year old trial court case that held that a judgment discharged in bankruptcy has been "satisfied" for purposes of R.C. 4509.40. *Id.*, citing *House v. O'Grady*, 35 Ohio Misc. 20, 24 (Franklin C.P.1973). Finally, he argues that the now unenforceable judgment has been "stayed" under the ordinary meaning of that term. *Id.* at 6-7.

**{¶ 18}** Appellee disagreed and, in his motion for summary judgment, argued that Stone has no legal right to have his license suspension vacated and that appellee has no legal duty to vacate the suspension because Stone has not satisfied the conditions for reinstatement by establishing that the judgment against him has been stayed or satisfied. [PDF 62-63.] Appellee attached to his motion for summary judgment an affidavit from the Chief of the Driver's License Suspension Section of the Ohio Department of Public Safety, who stated that appellee has not received proof that the judgment against Stone has been stayed or satisfied, has not received a waiver from the judgment creditor, and has not received proof to implicate an exemption under R.C. 4509.40. (Feb. 23, 2023 Mot. for Summ. Jgmt, Ex. A, Felver Aff. at ¶ 6-10.)

**{¶ 19}** Stone's claims—for both mandamus and for declaratory and injunctive relief—present the same question of statutory interpretation: whether a dormant judgment that can no longer be revived is a judgment that "is stayed * * * or satisfied" for purposes of R.C. 4509.40.

**{¶ 20}** Our paramount concern in examining a statute is the legislature's intent in enacting the statute. *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, ¶ 21. To discern that intent, we first consider the statutory language, reading all words and phrases in context and in accordance with the rules of grammar and common usage. *Id.* We apply plain and unambiguous statutory language as written, without resorting to rules of statutory interpretation or considerations of public policy. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.*, 128 Ohio St.3d 492, 2011-Ohio-1603, ¶ 23-24, 26. It has been said, " '[a]n unambiguous statute is to be applied, not interpreted.' " *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, ¶ 19, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. In other words, when a statute is unambiguous, our review "starts and stops" with the statutory language. *Johnson v. Montgomery*, 151 Ohio St.3d 75, 2017-Ohio-7445, ¶ 15.

**{¶ 21}** Notwithstanding limited exemptions that are not applicable here, R.C. 4509.40 specifies, "The registrar shall vacate the order of suspension" upon proof that the underlying judgment is "stayed, or satisfied in full or to the extent provided in [R.C. 4509.41]" and upon the judgment debtor's filing of evidence demonstrating financial responsibility in accordance with R.C. 4509.45. This court must construe the word "shall"

as " '*mandatory* unless there appears a clear and unequivocal legislative intent that [it] receive a construction other than [its] ordinary usage.' " (Emphasis sic.) *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 22, quoting *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.3d 102 (1971), paragraph one of the syllabus. There is nothing in R.C. 4509.45 to demonstrate a legislative intent that "shall" should be accorded anything other than its plain and ordinary meaning. Therefore, R.C. 4509.40 imposes upon appellee a mandatory duty to vacate a class F license suspension upon proof that the judgment upon which it was based "is stayed, or satisfied in full or to the extent provided in [R.C. 4509.41]" and upon proof of the judgment debtor's financial responsibility.

{¶ 22} The legal question then resolves to whether a judgment that has gone dormant and may no longer be revived is a judgment that "is stayed * * * or satisfied" under R.C. 4509.40. As appellee's counsel clarified at oral arguments, appellee takes no position on that legal question.

{¶ 23} The trial court provided scant analysis of this question. It simply concluded that Nationwide's judgment against Stone had not been "satisfied," because R.C. 4509.41(A)(3) states, "[j]udgments are satisfied for the purpose of [R.C. 4509.01 to 4509.78] * * * [w]hen twenty-five thousand dollars has been credited upon any judgments rendered in excess of that amount because of injury to property of others as a result of any one accident." The court reasoned that satisfaction requires some payment to the judgment creditor, which did not occur here. While we agree with the trial court that the judgment against Stone has not been "satisfied," as that term is defined in R.C. 4509.41(A)(3), that is only one part of the analysis under R.C. 4509.40, which states alternative bases upon which may arise a duty by appellee to vacate a license suspension.

{¶ 24} A judgment debtor whose driver's license has been suspended under R.C. 4509.40 is entitled to have that suspension vacated "upon proof that such judgment is stayed," even if the judgment has not been "satisfied." In his motion for summary judgment, Stone broadly argued that a dormant, unrevivable judgment, which has thus become unenforceable, "has been 'satisfied' *and/or permanently 'stayed*,' " as those terms are used in R.C. 4509.40. (Emphasis added.) (Mar. 9, 2023 Mot. for Summ. Jgmt. at 2.) Elsewhere in his motion, he characterized the judgment against him as having been "stayed indefinitely." *Id*. at 4.

{¶ 25} Although the General Assembly defined the term "satisfied" in R.C. 4509.41, it did not similarly define the term "stayed." We therefore accord that term its plain and ordinary meaning. *See Fraley v. Estate of Oeding*, 138 Ohio St.3d 250, 2014-Ohio-452, ¶ 22, citing *Am. Fiber Sys., Inc. v. Levin*, 125 Ohio St.3d 374, 2010-Ohio-1468, ¶ 24. *Black's Law Dictionary* 1639 (10th Ed.2014) defines "stay" as: "**1.** The postponement or halting of a proceeding, judgment, or the like. **2.** An order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." (Emphasis sic.) The Fourth District Court of Appeals has described a stayed judgment as one "not subject to execution and * * * not enforceable, the effect of the stay being to relieve" those against whom the judgment applies "of any obligation to do that which the judgment ordered." *Lane v. Court of Common Pleas of Ross Cty.*, 4th Dist. No. 1130, 1984 Ohio App. LEXIS 12045, *4 (Dec. 20, 1984).

{¶ 26} To determine whether a dormant judgment that cannot be revived qualifies as a "stayed" judgment under R.C. 4509.40, we must consider the meaning of dormancy and the statutes that govern it in Ohio. R.C. 2329.07(B)(1) states:

> A judgment that is not in favor of the state is dormant and shall not operate as a lien against the estate of the judgment debtor unless one of the following occurs within five years from the date of the judgment or any renewal of the judgment, whichever is later:
>
> (a) An execution on a judgment is issued.
>
> (b) A certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code.
>
> (c) An order of garnishment is issued or is continuing, or until the last garnishment payment is received by the clerk of courts or the final report is filed by the garnishee, whichever is later.
>
> (d) A proceeding in aid of execution is commenced or is continuing.

{¶ 27} R.C. 2325.15 provides for the revivor of a dormant judgment, but as relevant here, "[a]n action to revive a judgment can only be brought within ten years from the time it became dormant." R.C. 2325.18(A). A judgment creditor who allows a judgment to become dormant and who then fails to revive the judgment within the statutory timeframe

has no right to enforce the judgment, and "the judgment-debtor's legal liability thereon is extinguished." *In re Stottard*, 248 B.R. 111, 117 (Bankr. N.D.Ohio 2000). Thus, a judgment that has been dormant for ten years or longer is no longer enforceable against the judgment debtor.

{¶ 28} The parties do not dispute that Nationwide's judgment against Stone went dormant pursuant to R.C. 2329.07(B)(1) and that Nationwide took no action to revive its judgment within the timeframe provided by R.C. 2325.18(A). Therefore, the judgment remains dormant and may not be revived. *Black's Law Dictionary* 596 (10th Ed.2014) defines "dormant" as "[i]nactive; suspended; latent <a dormant judgment>." It defines "dormant judgment" as "[a] judgment that has not been executed or enforced within the statutory time limit. As a result, any judgment lien may have been lost and execution cannot be issued unless the judgment creditor first revives the judgment." *Id*. at 971. Dormancy "does not remove or discharge the judgment," but it "wipe[s] out any lien created by the judgment," *Geauga Sav. Bank v. Nall*, 11th Dist. No. 98-G-2152, 1999 Ohio App. LEXIS 4641, *8 (Sept. 30, 1999), and it renders the judgment unenforceable unless it is revived. *Stottard* at 116-17. *See also, Auto Now Acceptance Co., LLC v. Brickey*, 4th Dist. No. 19CA3883, 2020-Ohio-3447, ¶ 10 (dormant garnishment was "without legal effect"); *Adlaka v. Montella*, 7th Dist. No. 11 MA 133, 2013-Ohio-1276, ¶ 22, citing *Stoddard*.

{¶ 29} When used in relation to a judgment, both "dormant" and "stayed" indicate that the judgment is suspended and unenforceable. Upon going dormant, the judgment against Stone was "postpone[d] or halte[d]," i.e., stayed, unless and until it was revived, pursuant to statute. Following the expiration of the statutory timeframe in which it could be revived, the judgment against Stone remained stayed, now permanently, and was divested of all legal effect. We therefore conclude that, for purposes of R.C. 4509.40, such a judgment has been stayed, and a class F license suspension based on that judgment must be vacated, upon satisfaction of the remaining statutory requirements.

{¶ 30} Although we agree with Stone's legal argument regarding the meaning of R.C. 4509.40 and with Stone's contention that the trial court erred in entering summary judgment in favor of appellee, we sustain Stone's first assignment of error only in part. The determination that the dormant, unrevivable judgment against Stone is "stayed" for purposes of R.C. 4509.40 does not necessarily also require the determination that Stone

has a clear legal right to vacation of his license suspension. That determination will depend on Stone's compliance with the remaining statutory requirement—that he file with appellee evidence of financial responsibility in accordance with R.C. 4509.45. Attached as an exhibit to Stone's complaint is a letter from Stone's counsel to the Bureau of Motor Vehicles, in which his counsel states that he has enclosed proof of Stone's insured status. (June 30, 2022 Compl., Ex. G.) The purported enclosures, however, are not part of the record here. Indeed, the record before this court contains no summary judgment evidence regarding Stone's compliance with that requirement. We therefore must leave that determination to the trial court on remand.

### 2. Assignment of error No. 2

{¶ 31} In his second assignment of error, Stone argues that the trial court erred by finding that he had an adequate remedy in the ordinary course of law and thus could not establish the third requirement for a writ of mandamus to issue.

{¶ 32} The mere existence of another remedy does not bar the issuance of a writ of mandamus; the remedy must be adequate under the circumstances. *State ex rel. Butler v. Demis*, 66 Ohio St.2d 123, 124 (1981), citing *State ex rel. Emmich v. Indus. Comm.*, 148 Ohio St. 658 (1947). "An adequate remedy at law is one that is 'complete, beneficial, and speedy.'" *State ex rel. Kerns v. Simmers*, 153 Ohio St.3d 103, 2018-Ohio-256, ¶ 10, quoting *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 183 (1998).

{¶ 33} After finding that the judgment against Stone had not been "satisfied," the trial court concluded that Stone "cannot establish that he lacks an adequate remedy in the ordinary course of the law," because he "could pay $25,000 toward the judgment in accordance with R.C. 4509.41(A)(3) or seek the consent of Nationwide in accordance with R.C. 4509.38." (May 31, 2023 Decision & Entry at 6.) We disagree with the court's characterization of those steps as adequate remedies at law under the circumstances of this case. Because the judgment against Stone is no longer enforceable, it is absurd to suggest as an adequate remedy that Stone could pay $25,000 toward the judgment for which he is no longer legally responsible to obtain relief from his driver's license suspension. Further, the mere possibility that Nationwide might consent to the vacation of Stone's license

suspension—something it has no legal obligation to do—cannot be said to provide an adequate remedy under these circumstances, so as to bar relief in mandamus.

{¶ 34} Appellee argued in support of its motion for summary judgment that Stone has an available remedy for obtaining vacation of his license suspension by simply "show[ing] that the judgment has been stayed, satisfied in full, or that he has obtained written consent from the judgment creditor." (Mar. 16, 2023 Respondent's Memo in Support at 2.) In other words, appellee maintains that proof of compliance with R.C. 4509.40 is itself an adequate remedy at law. *See id*. at 4. But that begs the question and ignores Stone's legal claim that R.C. 4509.40 has, in fact, *already* been satisfied, thereby giving rise to an immediate right on his part and an immediate corresponding duty on appellee's part to vacate his license suspension. By denying Stone's request to vacate his license suspension, appellee has made the legal determination that the conditions in R.C. 4509.40 have not been satisfied, and Stone has no forum or process by which to appeal or otherwise obtain review of that determination. This court has held that a relator lacks an adequate remedy in the ordinary course of law when a determination by an administrative agency is not appealable. *See State ex rel. McDonald v. Indus. Comm*., 10th Dist. No. 20AP-386, 2021-Ohio-4494, ¶ 30.

{¶ 35} For these reasons, we conclude that the trial court erred by holding that Stone has an adequate remedy in the ordinary course of law, and we sustain Stone's second assignment of error.

### 3. Assignment of error No. 3

{¶ 36} Stone's third assignment of error states, "The trial court erred in finding that Respondent was entitled to judgment as a matter of law." His argument under the third assignment of error concerns his claim for declaratory and injunctive relief, but the substance of that argument parallels Stone's argument under his first assignment of error, concerning the meaning of R.C. 4509.40. Stone argues that, even if he is not entitled to a writ of mandamus, he is nevertheless entitled to a declaratory judgment, setting out the rights and duties of the parties with respect to R.C. 4509.40.

{¶ 37} As previously stated, R.C. 2721.03 provides, "any person whose rights, status, or other legal relations are affected by a * * * statute * * * may have determined any question of construction * * * arising under the * * * statute * * * and obtain a declaration of rights,

status, or other legal relations under it." There can be no doubt that R.C. 4509.40, which requires appellee to maintain Stone's license suspension unless and until the statutory prerequisites are met, affects Stone's rights. Stone's right to have his license suspension vacated depends entirely upon whether the requirements of R.C. 4509.40 have been satisfied, and the answer to that question, on the undisputed facts here, depends entirely upon the meaning of the statute. Stone maintains that the statutory prerequisites have been satisfied, because the judgment upon which his license suspension is based is permanently stayed by virtue of its dormancy and non-revivability.

{¶ 38} In granting summary judgment for appellee on Stone's claim for declaratory judgment, the trial court did not question that Stone stated a justiciable claim, appropriate for declaratory relief. Stone does not seek an advisory declaration to answer a moot question or a question that may arise only on hypothetical facts. Rather, he seeks a declaration that a dormant, unrevivable judgment—the undisputed status of the default judgment upon which his license suspension is based—is a "stay[ed]" judgment, as that term is used in R.C. 4509.40, and that the statute therefore gives rise to a right to have the suspension vacated, provided the remaining requirements of R.C. 4509.40 have been satisfied. The trial court decided Stone's declaratory-judgment claim on the merits, holding that appellee is acting in accordance with R.C. 4509.40 and 4510.02(B)(6) by maintaining Stone's license suspension because none of the necessary conditions requiring it to vacate the suspension have occurred. (May 31, 2023 Decision & Entry at 7.) Having determined above that the trial court's resolution of that legal question was erroneous, we sustain Stone's third assignment of error.

## IV. CONCLUSION

{¶ 39} For these reasons, we sustain in part Stone's first assignment of error and sustain in full Stone's second and third assignments of error. Because the trial court based its entry of summary judgment in favor of appellee on two erroneous legal determinations, we reverse the trial court's judgment. We hold that a dormant judgment that can no longer be revived is a "stayed" judgment under R.C. 4509.40 that requires, upon filing with the registrar of motor vehicles evidence of financial responsibility, the vacation of a license suspension based on that judgment. We further hold that Stone lacked an adequate remedy

at law. Accordingly, we remand the matter to the trial court for further proceedings consistent with this opinion and the law.

*Judgment reversed*
*and cause remanded.*

LUPER SCHUSTER, J. concurs.
LELAND, J., concurs in judgment only.

———————